LAURA E. CHAPMAN *vs.* INHABITANTS OF NOBLEBORO.

Lincoln. Opinion October 21, 1884.

*Ways. Defects. Notice of injury. Amendment.*

In an action for injury received because of a defect in a way; amendments which are merely additional to the description of the alleged defect and the manner in which the accident happened do not introduce a new cause of action and are within the discretion of the presiding justice.

The notice to the town officers within fourteen days after an injury is received because of a defect in a way must be in writing and its sufficiency is a matter of law for the court.

Testimony tending to show a greater distance of the defect from a given point than that mentioned in the notice is not competent to change the notice or to prove its insufficiency; but it is competent and material as bearing upon the identity of the locality of the defect, described in the notice, with that where the injury was received.

ON exceptions by the defendants.

An action for the recovery of damages for personal injuries sustained May 2, 1883, by the plaintiff by reason of defective way in the defendant town.

The writ was dated September 17, 1883. Before going to trial, on motion of plaintiff and against defendants' objections, the court allowed amendments of the declaration in plaintiff's writ by interlineation of the following words after the words "travelled way" to wit: "And projecting above the surface of the same nine inches;" and also after the word "root," the words, "or another root lying there embedded and projecting above said way."

There was evidence tending to prove that the distance from the residence of Cyrus Winslow and Judson Genthner, northerly to the defect complained of in plaintiff's writ, was from one hundred and six to one hundred and ten rods. The defendants contended that the location of the defect, which caused the injury, was not sufficiently designated in the written notice required to be given within fourteen days after injury.

The presiding judge among other things instructed the jury, as follows: "Assuming that you find that fact (twenty-four hours

notice) in her favor, then it is necessary that she should prove that she gave notice to the town of the injury, state circumstantially how it occurred, the amount of damages which she claims, within fourteen days after the accident occurred. A written notice has been served in this case. I consider it to be an admitted fact, (if I am wrong, counsel will correct me) that that notice was delivered to the proper officer within fourteen days after this accident occurred. I instruct you as matter of law that this notice is sufficient in form. The form of the notice is a question of law for me. I instruct you that so far as the form is concerned it is legally sufficient. . . . I instruct you as matter of law that the notice was sufficient. It being admitted that it was delivered, you will have no difficulty upon that point."

To the allowance of the amendments and to the said instructions and rulings of the presiding judge the defendants alleged exceptions.

(Notice.)

" Damariscotta, May 15, 1883.

"To the selectmen of Nobleboro, gentlemen :

"You are hereby notified that on the second day of May, 1883, I met with an injury caused by a defect in the road leading from Genthner's corner in Nobleboro to Jefferson, at a point in Nobleboro about sixty to eighty rods northerly of the residence of Cyrus Winslow and Judson Genthner. The defect consisted of a hole in the travelled part of said road, which had been worn or gulled out ten inches below the surface of a long root over which the travel passed, into which the wheel of the carriage in which I was riding, dropped, and between the spokes of which the projecting end of the root was thrust, causing the carriage to suddenly stop. The carriage was broken, and I was thrown violently out of the carriage upon the ground, striking upon my face and chest, wrenching my neck and shoulders, so that the same was severely strained and sprained, and also severely injuring my spine, and jarring and injuring my whole person; by reason of which I have been and still am suffering great pain and distress.

" For these injuries I claim from the town of Nobleboro, the sum of two thousand dollars, as damages.

(Signed.)                 Laura E. Chapman."

*A. P. Gould,* for the plaintiff.

*William H. Hilton,* for the defendants, contended that the amendments gave a different description of the defect than that stated in the notice and therefore introduced a new cause of action. *Milliken* v. *Whitehouse,* 49 Maine, 527.

Only such writings as can be expounded without the aid of extrinsic facts are for the court to interpret. *State* v. *Patterson,* 68 Maine, 473.

It would seem that the written notices in *Larkin* v. *Boston,* 128 Mass. 521, and *Rogers* v. *Shirley,* 74 Maine, 144, could be expounded and interpreted without the aid of extrinsic facts. In this case the extrinsic facts showed the notice to be fatally defective, but they were not passed upon by the jury.

Might not the jury very properly have considered whether the plaintiff had pointed out to the municipal officers in her written notice the location of the identical defect which caused the injury.

Counsel further contended that the notice in this case was not sufficient as a matter of law, citing : *Cronin* v. *Boston,* 135 Mass. 110; *Hubbard* v. *Fayette,* 70 Maine, 121; *Blackington* *Rockland,* 66 Maine, 332; *Veazie* v. *Rockland,* 68 Maine, 511.

DANFORTH, J. The plaintiff was permitted to amend her writ under the objection of the defendant in two respects. The first of the amendments is, not a change in, but an addition to the description of the alleged defect in the way, and the second relates to the manner in which the accident happened; leaving the accident itself and the result of it the same. There is, therefore no change in the cause of action, either in the alleged defect or the result of it, and the allowance of the amendments was within the discretion of the presiding justice.

The construction given by the presiding justice to the notice to the town after the accident happened, is also objected to. It

is claimed not only that the construction was wrong but that it should have been left to the jury. There are cases where the force and effect of a written instrument used as evidence in connection with other evidence written or oral to prove a given proposition must be submitted to the jury. But that is not this case. The notice is not put in to prove a defect, or any other point in the case except to enable the party to show what notice was given and that the court may judge whether it is in compliance with the law. The statute, requiring the notice, requires that it shall be in writing and clearly defines what it shall contain. It is not to be varied by any "extrinsic facts" whatever. It is simply a question as to the meaning of the terms used and whether it is a compliance with the statute. It is therefore by the well settled rules of law the duty of the court to construe it. *Rogers* v. *Shirley,* 74 Maine, 144–151; *State* v. *Patterson,* 68 Maine, 473; *Larkin* v. *Boston,* 128 Mass. 521.

The only objection made to the notice is, that it does not sufficiently define the location of the alleged defect. There is no question about the road, but it is described as being "about sixty to eighty rods northerly of" a given point. Were there no description of the alleged defect this might possibly be considered somewhat indefinite. But here is such a description that when seen it could hardly be mistaken. "The legislature, in requiring the party to be notified of the place, intended such notice of the locality as to enable the precise spot where the injury was received to be ascertained with substantial or reasonable certainty." *Larkin* v. *Boston, supra,* 523. In this case the generality of the distance mentioned puts the officers upon their guard and it can be no hardship for them to examine the road the distance required for the defect so fully described as readily to be recognized when seen.

But it seems that the objection to the notice does not so much rest upon this indefinite statement of the distance, as upon the fact which the case shows that "there was evidence tending to prove" that the distance from the given point "to the defect complained of in the plaintiff's writ was from one hundred and six to one hundred and ten rods." How strong this tendency

was, or whether satisfactory to the court or jury, does not appear. It may be that the preponderance of testimony left the fact as stated in the notice. But if it were otherwise and the larger distance was established as the correct one, still in the absence of any suggestion of more than one defect answering the description, it would throw no doubt upon the fact as to the defect relied upon; nor would it contradict the general statement in the notice. But whether it would do so, or otherwise, it could not affect the language of the notice, or render that uncertain which in and of itself was certain.

It should be borne in mind that the location of the defect in the notice and in the writ are two separate and distinct things. A proper notice is undoubtedly a condition precedent to recovery. When that is offered in proof the court must pass upon its sufficiency. If found wanting the case can make no further progress. If found sufficient the plaintiff proceeds with the testimony. If the testimony fails to show that the injury was caused by the same defect described in the notice the suit must fail. Upon this as upon other points in the case the burden is upon the plaintiff and this question is clearly one of fact to be submitted to the jury. In this case if the jury had found the defect described in the notice within the distance therein mentioned and another similar one at a greater distance where the accident happened they would not only have been authorized, but required to find for the defendants on the ground that the plaintiff had failed to show that the defect described in the notice was the cause of the injury. Upon this point the evidence introduced as to distance was competent and material, not to show the sufficiency or insufficiency of the notice, but as bearing upon the question of identity of the place described in the notice with that where the injury was received. No exceptions are made to the instructions given or omitted upon this point; we must assume therefore that in this respect there was no error.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and FOSTER, JJ., concurred.