MARY A. OWEN v. THE CITY OF FORT DODGE, Appellant.

**Municipal Corporation:** NOTICE OF INJURY. McClain's Code, 1882, section 633, provides, that in all cases of personal injury resulting from defective streets or sidewalks, no suit shall be brought against a city after six months, unless written notice specifying the place and circumstances, shall have been served upon the corporation within ninety days after the injury. *Held*, that a notice reciting, that plaintiff received her injuries "while walking along the sidewalk on the west side of C street (which ran north and south), and attempting to cross L street (which ran east and west), at the southeast corner of C, at its intersection with L," by reason of a "defect in the crossing at said point, by the planks being placed so far apart," was sufficient, though it intended to refer to the corner bounded on the east by C street, and on the south by L street; there being no evidence that there was any other crossing over L street, at or near that point, or that there was any other, constructed with planks.

| 98 | 281 |
| 98 | 698 |
| 98 | 281 |
| 103 | 604 |

| 98 | 281 |
| 107 | 512 |

| 98 | 281 |
| 111 | 85 |

| 98 | 281 |
| f112 | 72 |

| 98 | 281 |
| 116 | 405 |

| 98 | 281 |
| 129 | 450 |
| 130 | 718 |

| 98 | 281 |
| 138 | 405 |
| 138 | 625 |

| 98 | 281 |
| 139 | 585 |
| 141 | 208 |

| 98 | 281 |
| 144 | 135 |
| 144 | 137 |

SUPPLEMENTAL ORAL NOTICE TO MAYOR.  Evidence that the mayor's attention was called to the exact place of the accident three days after it happened, was admissible to show that the city was not misled by the defective description in the notice.

COURT AND JURY.  The facts being undisputed, the sufficiency of the notice of the accident was for the court.

Notice to Councilman.  Notice to a member of the city council of a defective crossing, is notice to the city.

Contributory Negligence.  One who started to cross a street after dark, and who was not shown to be familiar with the condition of the crossing, or with the danger attending an attempt to cross it, was not bound, at her peril, to discover defects in the planks, but was held only to ordinary care; and, unless she knew that it was imprudent to pass over the walk, was not required to take another route.

*Appeal from Webster District Court.*— HON. S. M. WEAVER, Judge.

SATURDAY, MAY 16, 1896.

ACTION at law to recover damages for personal injuries received by plaintiff, by reason of a defective sidewalk, or crossing, in the defendant city.  There was a trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Blake & Mitchell* and *Botsford, Healy & Healy* for appellant.

*Yeoman & Kenyon* for appellee.

DEEMER, J.—On the evening of the fourteenth day of October, 1892, the plaintiff, while attempting to pass over a plank street crossing, in the defendant city, stepped between the boards there laid, and received the injuries of which she complains.  She alleged that the crossing on which she was injured was at the corner of Cass and Locust streets, being the southeast corner of block 11, in Morrison and Duncombe's

addition to the city, at the southwest corner of of Cass, at its intersection with Locust street, and on the north side of Locust street; that the crossing, as originally constructed, was defective, in that an open space of about one foot was left between the planks, which were laid lengthwise across a ditch, or gutter, in the street; and that the crossing had remained in this defective condition, with the knowledge and consent of the city authorities, for more than four months prior to the accident. She also averred that she was free from negligence contributing to her injury, and she asked judgment for nine thousand dollars. The defendant, for answer, denied all allegations of the petition, and further pleaded, as an affirmative defense, that the accident happened at the southwest corner of block 11, and on the north side of Locust street, and on the northwest corner of the intersection of Cass and Locust streets, in the city of Ft. Dodge; and that no notice, such as required by section 1, chapter 25, Acts Twenty-second General Assembly, has been served upon the defendant. The case was tried to a jury, which returned a verdict for plaintiff in the sum of two thousand dollars, upon which judgment was rendered, and this appeal followed.

I. The first matter called in question by appellant's counsel relates to the sufficiency of the preliminary notice given by plaintiff. The statute referred to by defendant in its answer is as follows: "That in all cases of personal injury resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation, or its officers, to perform their duty in constructing or maintaining streets or sidewalks, no suit shall be brought against the corporation after six months from the time of the injury, unless written notice specifying the place and circumstances of the injury shall have been served upon

such municipal corporation within ninety days after the injury." This action was commenced more than six months after the injury, and plaintiff served a notice upon the defendant, in which she stated that she received her injuries "while walking along the sidewalk on the west side of Cass street, and attempting to cross Locust at the southwest corner of Cass at its intersection with Locust." Now, it appears that Locust street runs east and west, and Cass north and south, through Morrison and Duncombe's addition to the defendant city; that blocks 4 and 11 are immediately north of Locust, and 12 and 3 south of it, and that blocks 3 and 4 are immediately east of Cass, and 11 and 12 are immediately west. The following plat will explain the situation:

The appellant contends, first, that the notice locates the place a block away from where the injury occurred, and also insists that plaintiff claims the spot to be at three different places, to-wit, the southeast corner of block 11, northwest corner of Cass and Locust streets, and the southwest corner of Cass and Locust streets. With reference to the first contention, it appears from a plat attached to defendant's

abstract, that the southeast corner of block 11 is at the intersection of Cass and Walnut streets, but appellee has filed an amended abstract, from which it appears that this is an error, and that the corner is at the intersection of Cass and Locust. This amended abstract is not denied, and we accept the statements therein made and the plats attached as true. We also find, after a close examination of the record, that the plaintiff has not at any time contended or charged that the accident occurred at the northwest corner of Cass and Locust streets. The only question which remains, then, is, is the notice which says that the accident occurred "while plaintiff was passing along the sidewalk on the west side of Cass street, and as she attempted to cross Locust, at the southwest corner of Cass street, at its intersection with Locust," sufficient? It will be observed that the statement is not that the accident happened at the southwest corner of the intersection of Cass and Locust streets, which would undoubtedly mean a point at the northeast corner of block 12, but the southwest corner of Cass street, at its intersection with Locust, which might mean the northeast corner of block 12, but might also properly be used in referring to the southeast corner of block 11. It is well known, however, that it is very difficult, in our ordinary speaking, to locate a street corner by using the points of the compass. When one refers to the northwest corner of a certain street intersection, he is frequently understood as referring to the northwest corner of the block south and east of the crossing, but more often, of course, to the southeast corner of the block, north and west from the intersection. But when he speaks of the southeast corner of a certain street, at its intersection with another, he may refer to the northeast corner of the block lying south and west from the crossing; although one would probably

be justified in inferring that reference was made to the southwest corner of the block lying northwest from the street crossing. In this particular case, however, the notice further points out the place by saying, "that there was a defect in the crossing at said point, by the plank being placed so far apart, or from some other defect, to this subscriber unknown; that she stepped through the said plank, or said plank gave way under her, in whole or in part, inflicting the injuries complained of." Now, it seems to be undisputed, that the plaintiff was injured by stepping between planks which were originally laid about a foot apart, over a ditch along the southeast corner of block 11, on Locust street, which was about two and one-half feet deep. There was no evidence in the case to show that there was any other crossing over Locust street at, or near this point, or that there was any other constructed, as this one was, with planks laid as before stated. The object of the notice is, that the city authorities may investigate the question of the defendant's liability while the facts are fresh, and the evidence is attainable; and reasonable certainty as to the place and circumstances of the injury, is all that is required. It is not intended that the claimant shall state the exact spot where the accident happened, and a mistake of a few feet ought not to defeat the action. In this case, the mistake, if there was one, was of less than an hundred feet. The notice, as a whole, indicated that the place of the accident was at the intersection of Locust and Cass streets. It pointed out the side of the street upon which it was to be found, and specified the defect which existed in the crossing. The evidence shows that there is no plank crossing on the south side of Locust street, nor from the west side to the east side, nor at any of the four corners of Cass and Locust streets, except at the southeast corner of block

11.   It seems to us that no one with that notice in his hand, looking for the place, and passing along the west side of Cass street at or near its intersection with Locust, would have failed to see and know the place where the accident is said to have occurred.  Where the notice conveys the necessary information to the proper officers, it is good, even though there are some inaccuracies in it.   The defendant could not have been, and was not in fact, misled.   The attention of the mayor of the city was called to the exact place of the accident within three days after it happened, and the particular defect was pointed out to him.   The testimony relied upon to prove the mayor's knowledge of the place was objected to, but we think it was proper; not perhaps to supplement the notice, but to show that the city was not misled. Our conclusions find support in the following cases: *Fopper v. Town of Wheatland* (Wis.) (18 N. W. Rep. 514); *Wall v. Town of Highland* (Wis.) (39 N. W. Rep. 560); *Salladay v. Town of Dodgeville* (Wis.) (55 N. W. Rep. 696); *Laird v. Town of Otsego* (Wis.) (62 N. W. Rep. 1042); *Fassett v. Town of Roxbury*, 55 Vt. 552; *Brown v. Town of Southbury* (Conn.) (1 Atl. Rep. 819); *Chapman v. Inhabitants of Nobleboro*, 76 Me. 427; *Fortin v. Inhabitants of Easthampton* (Mass.) (8 N. E. Rep. 328).   The lower court instructed the jury, as a matter of law, that the notice was sufficient.   This is said to be error—*First*, because the notice was not sufficient; and, *second*, because the question was for the jury, and not for the court.   We have already disposed of the first objection.   As to the second, we may say that, while it may not always be true that the question is for the court, yet such is the general rule.   And in this particular instance, the facts being undisputed, the question was properly determined by the court.   *Rogers v.*

*Inhabitants of Shirley*, 74 Me. 144; *Chapman v. Inhabitants of Nobleboro, supra.*

II.   At the conclusion of plaintiff's evidence, defendant moved to strike out the same, because it was not addressed to the place named in the preliminary notice.  This motion was overruled, and defendant thereupon filed a motion for a continuance, based upon the ground that it had not investigated any place other than that named in the notice.  This last motion was overruled, and exception taken, and the ruling is now assigned as error.  We think it was correct.  What is said in the first paragraph of this opinion is a sufficient answer to the argument of counsel on this branch of the case.

III.   Certain of the instructions given by the court are complained of, and it is also argued that the court was in error in refusing certain of those asked by the defendant.  These instructions relate almost wholly to the amount of care required of plaintiff in going onto and passing over the crossing.  We cannot set them out in full.  The court said, in substance, that plaintiff could not recover unless she established her freedom from contributory negligence; that she was not bound to keep her eyes constantly on the walk before her, but might rely upon the city to exercise ordinary and reasonable care to keep the place in repair, but that it was her duty to remember that, notwithstanding the most efficient supervision, yet defects and obstructions will appear in and upon sidewalks, and that it was her duty to use ordinary care in passing over the walks; that she had the right to travel upon the street and over the crossing, and that her care or negligence depended upon her conduct at or near the time and place of her fall.  The instructions asked by defendant were to the effect that plaintiff was, as a matter of law, bound to discover defects ascertainable by the senses, and was

guilty of contributory negligence, because she might have seen or discovered the alleged defect, or might have taken another walk to reach her destination. We think, as applied to the facts in this case, the court correctly instructed the jury. The accident happened after dark, and there was nothing to show that plaintiff was familiar with the condition of the crossing, or with the dangers attending an attempt to cross it. She was not bound, at her peril, to discover the defect. Ordinary and reasonable care and prudence was all that was required of her, and unless she knew it was imprudent to pass over the walk, she was not required to take another route. Whether she exercised reasonable care and prudence was a question for the jury. We have recently had occasion to re-examine the question here presented, and will content ourselves by citing the cases, where the whole matter is fully considered: *Mathews v. City of Cedar Rapids*, 80 Iowa, 460 (45 N. W. Rep. 894); *Lichtenberger v. Incorporated Town of Meriden*, 91 Iowa, 45 (58 N. W. Rep. 1058); *Barnes v. Town of Marcus*, 96 Iowa, 675 (65 N. W. Rep. 984).

IV. Other instructions with reference to defendant's negligence were asked and refused. In so far as they embodied correct rules of law, they were given, in substance, by the court in its charge to the jury.

V. Witness Tabor was allowed to testify that he saw one of the defendant's city aldermen at the place of the alleged accident some months before plaintiff received her injury, and that he had some conversation with him in reference to the condition of the crossing. This testimony was for the purpose of showing actual notice to the city of the condition of the walk through a member of its city council. It is contended by appellant that this was error, for the reason that notice to such an officer is not notice to the city, because it is

not shown that he had any duty to perform, with reference to the sidewalks or crossings.   We have heretofore had occasion to consider this question, and in the cases of *Carter v. Town of Monticello*, 68 Iowa, 179 (26 N. W. Rep. 129), and *Trapnell v. City of Red Oak Junction*, 76 Iowa, 744 (39 N. W. Rep. 884), we announced that notice to such an officer was binding upon the municipality.   These cases are decisive of the question presented.

Some other points are discussed by counsel, but what we have said disposes of every question of any moment in the case.   We have not considered the affidavits filed by the respective parties, for the reason that, should we find appellant's contention true, it would not change the result.   There is no prejudicial error in the record, and the judgment is AFFIRMED.