SARAH HARRISON, Appellant, v. CITY OF ALBIA, Appellee.

**Municipal corporations:** SIDEWALK ACCIDENT: NOTICE: SUFFICIENCY. The purpose of the statute requiring notice to be given a city of the time, place and circumstances of an injury from defective streets or sidewalks, is to enable the city to investigate the question of its liability while the evidence is fresh; and reasonable certainty as to the place of the accident is all that is required. And this is especially true, where, as in this case, the entire walk for some distance in the vicinity of the accident was alleged, both in the notice and petition, to be defective and out of repair in many places.

*Appeal from Monroe District Court.*—HON. C. W. VERMILLION, Judge.

TUESDAY, OCTOBER 19, 1909.

ACTION at law to recover damages for personal injuries received by plaintiff due to a fall upon a sidewalk in the defendant city. At the conclusion of the testimony, the trial court directed a verdict for defendant on the ground that plaintiff had not given the notice required by statute before bringing her action. Plaintiff appeals.— *Reversed.*

*Perry & Perry* and *N. E. Kendall,* for appellant.

*D. W. Bates* and *Fred. D. Everett,* for appellee.

DEEMER, J.—Plaintiff claimed to have received her injuries upon a sidewalk on the north side of Madison Street in the defendant city, and at a point about thirty feet west of the intersection of said street with what is known as Clinton Street. She gave written notice to de-

fendant of her accident within the time required by law, and in the notice she described the place of accident as follows: "That said injury occurred on the sidewalk running east and west along the north side of Madison Street between Harrison and Clinton Streets, and in front of the residence property lying at the corner of intersection of Madison and Harrison Streets, at a point on said sidewalk about thirty feet west of the east line of said residence property; that said walk was then, and had been for many months previous thereto, in a defective, unsafe and dangerous condition; that the boards and stringers thereof were rotten and unsound, and that said boards were loose and unattached to said stringers; that on the day in question the undersigned was walking along said sidewalk proceeding westward, accompanied by Miss Helen Williams and Miss Edith Williams; that, the boards of said walk being loose, the foot of the undersigned became caught in a hole, and she was thrown to the ground with tremendous violence, fracturing two of her ribs and injuring her collar bone, and inflicting other severe and serious injuries upon her person."

The petition charges the defendant with negligence in the following particulars:

(2) That some time prior to November 28, 1904, the defendant built and constructed a board sidewalk running east and west along the north side of Madison Street between Clinton and Harrison Streets in said city; said Madison street being at the time of the construction of said sidewalk and up to the filing of this petition an open thoroughfare of said city largely used by the general public in daily travel.

(3) That on the date aforesaid, and for many months prior thereto, the said sidewalk had been allowed to become and remain in an unsafe and dangerous condition of disrepair by the authorities of said city having control, oversight and supervision of the same. That the boards thereof were broken, detached from the stringers, and loose

at either end. That the material constituting said sidewalk was rotten, weak, and wholly unfit and unsuited to the purpose it was intended to serve. That such decay, disrepair and dilapidation rendered said sidewalk unsafe, defective and dangerous. That such condition was open and notorious, and had existed for many months previous to said date. That the officials of the defendant city having control, oversight and supervision of its streets and sidewalks had express notice and actual knowledge of the unsafe, defective and dangerous condition of said sidewalk, and had had such notice and knowledge for a long period of time, or by the exercise of reasonable diligence could and would have acquired the same.

(4) That on said date, while passing along and over said sidewalk, the plaintiff sustained a severe, dangerous and permanent injury to her person in the following manner: As she was proceeding westward on said sidewalk, one of the boards thereof, being loose and unattached, turned with her as she stepped upon it, throwing her to the ground with tremendous force and violence, fracturing the third and seventh ribs, and perhaps others, fracturing the clavicle at the outer end, twisting, straining, wrenching, and lacerating the muscular and ligamentary tissues in that region, bruising and contusing her breast, shoulder and body, and profoundly shocking her nervous system.

. . . . . . .

(6) That said injury was sustained by her on said sidewalk of the defendant which was under the control, oversight and supervision of the said defendant while the plaintiff was in the exercise of proper care, prudence and diligence, and without any fault or negligence whatever on her part contributing in any degree or measure thereto; but that said injury resulted entirely from the gross and inexcusable negligence of the defendant in failing to inspect and examine said sidewalk to ascertain its condition, in omitting to discover the unsafe, defective, and dangerous condition thereof, and in neglecting to repair and render the same reasonably suitable and safe for public travel thereover.

In an amendment to her petition she alleged: "As the plaintiff resides in Hiteman, and is not very well ac-

quainted with the names of property owners in Albia, and was not when the said accident happened, she can not therefore state definitely the name of the owner of the lot adjoining the place in the sidewalk where she received her injury, except that it was at a point going west from Clinton Street along on the north side of Madison Street, not far from midway between Clinton Street and the first alley west." The trial court bottomed its ruling on the motion to direct upon the proposition that, as the notice fixed the place of accident something like two hundred and ten feet from where she testified that she fell, it is and was insufficient, and plaintiff could not recover. The petition alleges, as will be noticed, that the entire sidewalk on the north side of Madison Street and between Harrison and Clinton Streets was out of repair and in a dangerous condition, and the testimony adduced upon the trial tended to support the allegations. True, plaintiff in her notice fixed the place of accident something like two hundred and ten feet from where it occurred, but the point so fixed was between Harrison and Clinton Streets, where it was charged that the entire sidewalk was out of repair and in a dangerous condition. Moreover, plaintiff's attorney called the attention of the city council to the place of the accident before the statute had barred the action.

The sole question in the case is the sufficiency of the notice to meet the statutory requirement—that it give the time, place and circumstances of the accident as provided in paragraph 1 of section 3447 of the Code. The only defect pointed out is the mistake as to place. In several cases we have stated the object of such a notice, and have established rules whereby to determine its sufficiency. In *Owen v. City of Ft. Dodge*, 98 Iowa, 281, we said: "The object of the notice is that the city authorities may investigate the question of the defendant's liability while the facts are fresh, and the evidence is attainable; and reasonable certainty as to the place and circumstances of the

injury is all that is required. It is not intended that the claimant shall state the exact spot where the accident happened, and a mistake of a few feet ought not to defeat the action." Again in *Schnee v. City of Dubuque*, 122 Iowa, 459, we said:

> The statutory requirement as to notice must be reasonably construed with reference to the purpose for which it was enacted. The object of the statute is to apprise the city authorities of the location of the defect, and the circumstances attending the accident with such reasonable certainty as shall enable them, not only to investigate the city's liability while the facts are fresh, but also to ascertain what evidence there may be of the conditions then existing and the character of the injury while witnesses are at hand. No amendment of the notice, however, is provided for. It is evident, therefore, that it would be unjust to give to the statute so strict a construction as to exclude proof of all facts relating to the nature and cause of the injury, and the defect or negligence complained of, which are not detailed in the notice. The statute should rather have a liberal construction, to the end that parties having meritorious claims shall not be cut off by mere technicality as to the form of notice required.

In *Rusch v. City of Dubuque*, 116 Iowa, 402, this same question was before us, and we there said: "Reasonable certainty as to the place is all that was required. The side of the street was given and the defects clearly stated. The place was about one hundred and fifty feet from Eagle Point Avenue—not exactly that distance as insisted by appellant—and a variation of thirty-one feet can not be held fatal. Nor was the place described as in front of No. 254, as seems to be thought. It was opposite to it along the walk; but which way? It was between Lincoln Avenue and Providence Street, and in quite a number of cases this has been held in principle sufficiently definite. In *City of Lincoln v. O'Brien*, 56 Neb. 761 (77 N. W. 76) the place was described as the north side of

Q Street between Eighteenth and Twentieth Streets. In *Lyman v. Hampshire County,* 138 Mass. 74, the location was on a bridge of considerable length. In *Lowe v. Inhabitants of Clinton,* 133 Mass. 526, it was fixed as between two houses fifty rods apart. In each of the above cases, however, a single defect of the kind described appeared within the limits designated, and the notices were adjudged sufficient. Here the evidence on the part of the plaintiff tended to show that the walk from Providence Street to the frame house was in substantially the same condition, with many boards loose and spikes projecting in several places, while that of defendant was to the effect that the walk was in perfect repair. As the defendant investigated the walk to the extent mentioned and discovered no defects, it was not prejudiced by plaintiff's failure to locate the place within the few feet mentioned. As bearing on the question, see *Owen v. City of Ft. Dodge,* 98 Iowa, 281; *Fopper v. Town of Wheatland,* 59 Wis. 623 (18 N. W. 514); *Brown v. Town of Southbury,* 53 Conn. 212 (1 Atl. 819); *Harder v. City of Minneapolis,* 40 Minn. 446 (42 N. W. 350); *Cross v. City of Elmira,* 86 Hun, 467 (33 N. Y. Supp. 947). . . ., From the terms of the notice, with the inquiries suggested, in connection with the peculiar defect designated, we think the authorities, with proper diligence, could have discovered the locality of the projecting spike and loose plank alleged to have occasioned the injury with as much certainty as possible without an accurate survey."

This case contains a review of the authorities, and is controlling upon the proposition now before us. Following the rule announced in these cases, we are constrained to hold that the notice in view of the nature of the negligence charged was sufficient, and that the trial court erred in directing a verdict for defendant. In such cases the nature of the defect charged and the negligence counted upon must be taken into account. Here it was alleged that

the entire sidewalk between Harrison and Clinton Streets was out of repair and dangerous, and that plaintiff was injured by reason of that fact. The notice contains the same statement; and, while it does not fix the identical place described in the petition or testified to by the witnesses, the variance was not such as to amount to no notice or to such a mistake as was calculated to mislead the city authorities. See, also, *Buchmeier v. City,* 138 Iowa, 623.

If the defect had been of a particular obstruction in a street, or a dangerous hole therein, a different question would arise. The condition of the entire walk between Harrison and Clinton Streets was in issue, and, had the city council investigated the matter, it would not have done its duty without going over the entire walk between these two streets.

For the reasons given the judgment must be, and it is, *reversed.*