ESTELLA HOWE, Appellant, v. SIOUX COUNTY, Appellee.

**LIMITATION OF ACTIONS: Injuries to Person—Defective Bridge**
1 —Notice—Sufficiency. An action for injury to the person on account of a defective road, bridge, etc., is barred in three months from the time the action accrues, unless the written notice, which is designed to extend said period to two years, specifies the *time* of the injury. So held where the notice stated the *place* and *circumstances* but not the *time* of the injury. Sec. 3447, Par. 1, Code Supp., 1913.

**LIMITATION OF ACTIONS: Injuries to Person—Defective Bridge**
2 —Insufficient Notice—Estoppel and Waiver. The good-faith act of the board of supervisors in investigating and rejecting a

claim for personal injury on account of a defective bridge, does not estop the county, when sued on the claim, to plead the insufficiency of the written statutory notice which was served on the county, and which was designed to prevent the bar of the claim after the expiration of three months from its accrual; neither will the county's right to a sufficient notice be waived by such investigation and rejection.

ESTOPPEL:   Equitable Estoppel—Performance of Legal Duty.   An estoppel *in pais* may not be predicated on the doing of exactly that which the law requires to be done.

PRINCIPLE APPLIED:   Plaintiff filed before the board of supervisors a claim for damages caused to her by a defective bridge. For the purpose of preventing the action's being barred in three months, she inserted in the claim a notice of the *place* and *circumstances* of the injury. This was insufficient to toll the statute, because it omitted to state the *time* of the injury. Sec. 3447, Par. 1, Code Supp., 1913. The law requires the board to allow or reject every unliquidated claim filed with it. Sec. 3528, Code, 1897. The board at once investigated the claim, visited the place of the accident, interviewed witnesses, learned of the *time* of the accident, and, within three months after the accident, made an offer of settlement. This was rejected, and plaintiff made a counter offer. The board at no time objected to the sufficiency of the notice as embodied in the claim, but was guilty of no fraud in their negotiations with plaintiff. No promise was made that the claim *would be settled*. Evidently plaintiff delayed bringing her action because she felt she could effect a settlement. No settlement was effected. Plaintiff brought her action long after the expiration of three months from the time of injury.

*Held*, the board had done no more than the law required it to do, and that the county was not estopped, when suit was brought, to plead the insufficiency of the notice to toll the statute of limitation.

*Appeal from O'Brien District Court.*—W. D. BOIES, Judge.

MONDAY, JUNE 25, 1917.

APPEAL from a judgment in favor of the county for costs in an action for damages on account of injuries resulting from an accident on a county bridge.—*Affirmed.*

C. A. *Plank* and C. E. *Gantt,* for appellant.

*Anthony Te Paske* and T. E. *Diamond,* for appellee.

Stevens, J.—Estella Howe, plaintiff,

1. Limitation of Actions: injuries to person: defective bridge: notice: sufficiency.

brought her suit in Sioux County for damages resulting from an alleged defective approach to a county bridge, causing her to suffer a severe nervous shock and severe injuries to her side, back, hips and kidneys. The injury is alleged to have occurred June 29, 1914, and on July 20th, she caused a claim for damages in the sum of $1,000 to be filed in the office of the county auditor. On motion of plaintiff, the cause was, on January 4, 1916, transferred to O'Brien County for trial. The defendant filed answer in the district court of Sioux County on November 23, 1915. On March 23, 1916, defendant filed an amended answer, pleading, among other defenses, the statute of limitations, basing said plea on the ground that plaintiff's action was not brought within three months from the date of the injuries, and that no notice stating the time, place and circumstances of the injury was served upon defendant within 60 days. On the same day, defendant, by permission of the court, withdrew its answer, and filed a demurrer to plaintiff's petition, upon the ground that the cause of action was barred by the statute of limitations before suit was brought. The demurrer was sustained. Permission was granted plaintiff to file an amendment to her petition, which she did on April 1, 1916, alleging that plaintiff served proper claim for damages on the defendant county by filing same with the county auditor; that the board of supervisors of defendant county met in session on July 29, 1914, on which date counsel for plaintiff appeared and presented said claim; that the board investigated the merits of the claim, interviewed witnesses and plaintiff's physician; that the officers of defendant at all times treated the notice as sufficient under the statute, made no objection thereto, and were in no wise misled by the failure of the claim or notice to state the time of the

accident; that propositions were made by both parties for settlement. Later, plaintiff filed a second amendment to her petition, stating the above matters in substance, and, in addition thereto, alleging that defendant was estopped from setting up the statute of limitations, and from objecting to the sufficiency of the notice. Later, defendant filed a motion to strike the amendments to plaintiff's petition, upon the ground stated in the demurrer, stating that all matters therein set forth were passed upon by the court at the time of ruling upon the demurrer; that the notice was insufficient; and that the notice required by statute was not served upon defendant within the time required thereby; and that the amendments were not filed in the time required by the order of the court. The motion to strike was sustained. Plaintiff elected to stand upon the ruling of the court. Judgment was entered against her for costs, from which judgment she appeals.

I. The demurrer to plaintiff's petition and the motion to strike her amendments thereto were sustained upon the ground that her cause of action was barred by the statute of limitations. To sustain this position, appellee relies upon Subdivision 1 of Section 3447 of the Supplement to the Code, 1913, which, with the first clause of said section, is as follows:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, *and not afterwards*, except when otherwise specially declared.

"(1)    Those founded on injury to the person on account of defective roads, bridges, streets or sidewalks, within three months, unless written notice specifying the time, place and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

Subdivision 3 of said section authorizes actions founded on injuries to the person, whether based on contract or, tort, to be brought within two years. It will thus be seen that, under the provisions of Subdivision 1, plaintiff's cause of action became barred within three months after she received the injuries complained of, unless a written notice specifying the time, place and circumstances of the injury was served upon defendant within sixty days after the happening of the injury.

It was contended by the defendant in the court below, as it is here, that plaintiff did not serve the required notice upon the defendant within sixty days, and that, because of her failure to do so, her cause of action was barred by the statute of limitations at the end of three months after the happening of the injury. The foregoing statute permits actions to be brought within the time designated in the statute, "and not afterwards." This language is mandatory, and required plaintiff to bring suit within three months after the happening of the injury, or, if she desired to preserve her right to bring same after three months, to serve the written notice above referred to.

A notice was served upon the defendant on or about July 20th following the injury, which occurred on June 29, 1914, which notice clearly designated the place of the accident and the injuries which plaintiff claimed to have received on account thereof, but contained no statement as to the time of the happening of the accident. Appellant strenuously maintains that, while the notice is clearly defective in the particular mentioned, defendant cannot avail itself of such defect, for the reasons: (a) That the giving of such notice is not jurisdictional; (b) that the sufficiency of the notice should be determined in view of the circumstances of the case; (c) that defendant treated the notice as sufficient, and made a full investigation into the circumstances of the accident, and made an offer of

compromise; (d) that the object of the statute was fully met, and that defendant was in no wise misled or injured because of the failure of appellant to state the exact time of the injury.

It is evident that the theory of the legislature, in enacting the foregoing statute, was that actions based upon injuries resulting from defective roads or bridges be early prosecuted, or that the notice provided for therein be given within sixty days, thereby securing to the county an early opportunity to make full and thorough investigation of the injuries and the accident complained of, to the end that testimony may be preserved and preparation made for the defense of any suit that may be brought against it for damages resulting from such accident. To enable the officers of the county sought to be charged to make such investigation, the notice must specifically state the time of the injury, the place where the same happened, and the circumstances surrounding the transactions. With this information, the board of supervisors or other officers of the county are enabled to investigate and determine whether the county is liable, and, if so, what course to pursue with reference to the matter of making settlement or preparing to make defense to any suit that may be brought against the county.

The question as to the sufficiency of a given notice has often been before this court, but this is the first time it has been called upon to determine the effect of the omission of the time of injury. All of the cases heretofore decided by this court have involved the question of the sufficiency of the notice to designate either the place or the circumstances of the injury. Attention is here called to a few of the decisions of this court.

In *Buchmeier v. City of Davenport*, 138 Iowa 623, the court said:

"A notice which in fact points out the place of the

accident with sufficient definiteness to reasonably enable
the officers of the city to investigate the conditions under
which it is alleged to have happened, sufficiently complies
with the purpose of the statute. * * * The statutory
requirement of notice is to be liberally construed, to the
end that parties having meritorious claims shall not be
cut off by a mere technicality as to the form of notice to
be required."

In *Perry v. Clarke County*, 120 Iowa 96, the court,
having under consideration a notice which had been
served upon the defendant county, said:

"It is not entirely formal, perhaps, but the substance
is there. It gives notice of the accident, and of the *time,
place,* and *circumstances,* in reasonably specific terms, and
was received and filed in time by the officers upon whom
notice could properly be served. To hold that this is not
a substantial compliance with the statutory requirement
would be excessively technical, and serve no just purpose.
The fact that the paper is called a 'petition,' instead of
'notice,' is immaterial."

In *Giles v. City of Shenandoah,* 111 Iowa 83, the
court, in construing the following notice, "You, and each
of you, are hereby notified that the undersigned has for
collection and adjustment a claim on account of an in-
jury that occurred to Mrs. J. L. Giles, at the intersection
of Church Street and Clarinda Avenue, on the evening of
April 21st," said:

"This did not purport to give any of the circum-
stances of the injury, as required. So far as conveying
information, the accident may as well have resulted from
a falling sign, as in *Bliven v. City of Sioux City,* 85 Iowa
346, or the breaking down of a bridge, as in *Sachs v. City
of Sioux City,* 109 Iowa 224, or the running away of a
team, as from a defective sidewalk. The object of the
statute is to apprise the city authorities of the location of

the defect, and the circumstances attending the accident, with such reasonable certainty as shall enable them, not only to investigate the city's liability while the facts are fresh, but also to ascertain what evidence there may be of conditions then existing, and of the character of the injury, while witnesses are at hand."

The court, however, used the following significant language:

"It is enough, however, that the legislature has prescribed the service of a notice specifying 'the circumstances of the injury' within sixty days, to prevent the bar of the statute of limitations within ninety days; and, as this was omitted, the action cannot be maintained."

The foregoing language referring to the object of the statute is quoted with approval by this court in *Schnee v. City of Dubuque,* 122 Iowa 459.

In *Neeley v. Incorporated Town of Mapleton,* 139 Iowa 582, it appeared that the notice served upon the town clerk complied with the requirements of the statute in all respects, except that same was without signature. The court said:

"Its principal contention is that the notice is fatally defective for want of signature, and this presents the most doubtful question in the case. This court has heretofore held that the absence of signature to an original notice was fatal to the notice as such. *Hoitt v. Skinner,* 99 Iowa 360. It has applied the same rule to a notice of appeal to the Supreme Court. *Doerr v. Life Assn.,* 92 Iowa 39; *State Savings Bank v. Ratcliffe,* 111 Iowa 662. It was held in these cases that the jurisdiction of the court was dependent upon the legal sufficiency of the notice. On the other hand, the notice under consideration was in no sense jurisdictional, and the tendency of the courts is to construe the requirements of the statute liberally in favor of this kind of a notice; and this is especially so if it has accom-

plished the purpose intended. It has been said by this court that the purpose of such a notice is to convey to the town council prompt information of the time, place, and circumstances of the injury, so that an investigation may be had while the facts are fresh, and, if the notice furnished conveys such information, and has caused such investigation by the town council, it has answered all the purposes of the statute. *Owen v. Fort Dodge,* 98 Iowa 286; *Pardey v. Mechanicsville,* 112 Iowa 73. * * * In view of the fact that the notice in this case conveyed the required information in writing, and that the town council was in no manner prejudiced by the absence of a signature, we are of the opinion that it was sufficient notice within the meaning of the statute, and the trial court properly admitted it in evidence, in avoidance of the plea of the statute of limitations."

In *Harrison v. City of Albia,* 144 Iowa 132, the notice served upon the city described the location of the accident, but fixed it something like 210 feet from where the accident occurred, stated that it was between Harrison and Clinton Streets, and charged that the sidewalk was out of repair and in a dangerous condition. The court reviews many of the authorities above cited, approves the rule established by them, and apparently gives effect to the fact that the plaintiff's attorney called the attention of the city council to the place of the accident before the statute had barred the action.

The notice in *Sollenbarger v. Incorporated Town of Lineville,* 141 Iowa 203, fixes the place of the accident "on West Third Street, Lineville, Iowa." The evidence showed that this street was three quarters of a mile in length. The court held the notice insufficient. The court in this case again reviewed numerous of the authorities construing notices of the character in question, and approved the doctrine of its prior decisions. The court said:

"Some reliance is placed on *Owen v. City of Fort Dodge,* 98 Iowa 281, where extrinsic evidence was received, not to supplement the notice, but to show that the city was not misled by it. As there said, it need not point out the exact spot, but if, notwithstanding inaccuracies, it contains the necessary information to enable the officers of the city to locate the place, it is good, and that they did find it is mentioned merely as a fact confirming the sufficiency of the notice."

It will be observed that the court, in *Buchmeier v. City of Davenport,* supra, held that the notice pointed out the *place* of the accident with sufficient definiteness; and in *Perry v. Clarke County,* supra, that the notice was sufficient in the statement of "time, place and circumstances;" and in *Harrison v. City of Albia,* supra, that the notice sufficiently designated the *place* of the accident; and in *Sollenbarger v. Lineville,* the notice was insufficient because it did not designate the *place* with sufficient definiteness so that it could be readily located by the officers of the city; and in *Giles v. City of Shenandoah,* supra, because the notice failed to state the *circumstances* sufficiently. That is, the court held in each instance, in effect, that the requirements of the statute as to notice were complied with as to the three particulars designated by the statute, except in the two latter cases, in one of which the notice failed to state the *place,* and in the other the *circumstances,* of the injury. In these two, the notice was held insufficient and the cause of action barred by the statute of limitations.

If, therefore, a notice is insufficient to meet the requirements of the statute for the reason that it failed to designate the *place,* notwithstanding it pointed out the time and circumstances of the injury, or because it failed to state the *circumstances* of the injury, notwithstanding it pointed out the time and place, the requirement of the

notice as to time being of equal importance with the other two, it follows that a notice which failed to state the *time*, although it points out the place and circumstances, is also insufficient.

It was said, in *Neeley v. Incorporated Town of Mapleton*, supra, that "the tendency of the courts is to construe the limitations of the statute liberally in favor of this kind of a notice, and this is especially so if it has accomplished the purpose intended;" but the court interpreted the purpose of the notice to be "to convey to the town council prompt information of the *time, place and circumstances* of the injury, so that an investigation may be had while the facts are fresh."

The notice referred to has been liberally construed by the courts generally, but, so far as we have been able to find, no court has ever held a notice sufficient which omitted to state one or more of the three essential requirements of the notice. As was stated in *Sollenbarger v. Lineville*, supra:

"The statutes exacting notice differ somewhat from ours in some states, in that the notice is a condition precedent to the maintenance of the action, but the purpose is not different from that in statutes like that of this state."

This distinction has apparently been overlooked in some of our decisions.

In *Klingman v. Madison County*, 161 Iowa 422, the court apparently overlooked this distinction, and said that the service of a notice specifying the matters above stated is a condition precedent to the commencement of a suit. The service of the notice here referred to is clearly not a condition precedent to the commencement of the action under our statute, but same is served solely for the purpose of preventing plaintiff's cause of action from becoming barred at the end of three months after the happening of

the injuries. In some other jurisdictions, the service of a similar notice within the time designated is a condition precedent to the commencement of an action against the municipality.

The purpose of the legislature in fixing the period of limitation at three months, unless the notice was served, evidently was to require the cause of action to be speedily prosecuted, in which event a proper investigation could be made by the county or other municipality, or that a notice be served setting forth the time, place and circumstances of the accident, so that investigation might be made by the officers of the municipality sought to be charged.

From the holding in the above cited cases, as well as the plain requirements of the statute, it necessarily follows that the notice in question was insufficient.

II.  Plaintiff's petition was filed October 20, 1915, in the district court of Sioux County, and defendant's answer on the 23d day of November, 1915. On January 4, 1916, on motion of plaintiff, the cause was transferred to O'Brien County for trial. On March 23, 1916, defendant filed an amendment to its answer, and on the same day withdrew its answer and amendment, and demurred to plaintiff's petition upon the ground that same was barred by the statute of limitations. On the same day demurrer was sustained, and plaintiff given ten days in which to file an amendment to answer. On April 1, 1916, plaintiff filed an amendment to her petition, reciting that she served her claim on the defendant July 20, 1914; that the board of supervisors of said county met in session July 29, 1914, and on said day started investigation, inspected the place of the injury, made search for witnesses, interviewed plaintiff's physician and other persons having some knowledge of the accident; that said board had full knowledge and notice of the time, place and circumstances of the ac-

cident within 60 days; that, within 90 days after said accident, defendant made plaintiff a proposition of settlement and received a counter proposition from plaintiff; and that, because thereof, the said defendant waived any defect that might be claimed in said notice, and at all times treated the notice and claim as sufficient, and, in rejecting said claim, passed on the merits thereof. On the 22d day of May, 1916, plaintiff filed a second amendment to petition, reciting, in substance, the matters above stated, and averring that, by reason of the matters set forth, defendant was estopped from pleading the statute of limitations, and from objecting to the sufficiency of said notice. Upon motion of defendant, both amendments to plaintiff's petition were stricken from the files. Appellant, therefore, contends: (a) That defendant waived the defects in the notice; and (b) that, by reason of the conduct and acts of the board of supervisors of defendant county, it was estopped to plead the insufficiency of the notice or the statute of limitations.

A waiver has been held to be "the voluntary and intentional relinquishment of a known right. It may be shown by the express contract or other affirmative act of the party charged therewith, or it may be inferred from such conduct as warrants the conclusion that a waiver was intended. * * * The distinction between an estoppel and a waiver is not always apparent, and the terms are sometimes used interchangeably. The term 'waiver' generally implies an intention on the part of a person possessing some right under a contract, or the law, to relinquish it. for the benefit of another. Waiver is ordinarily personal, and, in the absence of some special agreement or consideration, its existence is to be determined solely from the conduct of the party making it, independent of the acts of any other party affected by it. In estoppel, this distinctly personal element is not an essential, nor is the intention to relin-

quish the right necessarily present. An estoppel *in pais* arises where, by the fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse. Its existence is determined by the acts, knowledge and conduct of both parties." *Johnson v. Spencer,* (Ind.) 96 N. E. 1041.

"Waiver is the voluntary relinquishment of some known right, benefit or advantage which, except for such waiver, the party otherwise would have enjoyed." *Peabody v. Maguire,* (Me.) 12 Atl. 630.

"Waiver belongs to the family of estoppel, in a sense, and yet an estoppel *in pais* has connections that are no kin to waiver. Waiver depends upon what one himself intends to do; estoppel depends rather upon what he caused his adversary to do." *Kennedy v. Manry,* (Ga.) 66 S. E. 29.

The foregoing definitions of waiver are substantially the same as those adopted by this court and courts generally. *Currie v. Continental Casualty Co.,* 147 Iowa 281; *Schillinger Bros. v. Bosch-Ryan Grain Co.,* 145 Iowa 750; *Norton v. Catholic Order of Foresters,* 138 Iowa 464.

What matters were pleaded by plaintiff in either of the amendments to her petition that, under the foregoing definition, amounted to a waiver of the right on the part of defendant to plead the statute of limitations? It is claimed that the officers of defendant, upon receipt of the notice, made full investigation as to the facts, circumstances and merits of appellant's claim, and also offered some inducements to appellant to settle the same. The relation existing between the county and plaintiff was one of hostility, and it cannot be said that the former owed any duty to the latter to aid her in presenting or preserving her claim against it. Surely the county did not intend, by making the investigation or inducement to settle, to relinquish to plaintiff any of its rights whatever. No benefit could accrue to defendant by voluntarily waiving its right to plead

the 90-day statute of limitations, and thereby extend the
time within which action could be brought from 90 days
to 2 years. Appellant was not only bound to take notice
of the statute of limitations, but, as appears from her
petition and amendments thereto, she actually claims to
have undertaken to preserve her right to bring suit within
2 years by serving a notice upon defendant. If plaintiff,
for any reason, did not desire to bring suit within 90 days
after the happening of the injury, she had a right to serve
a proper notice, and thereby preserve her right to bring
suit any time within 2 years. It was entirely optional with
her, however, whether she would serve the notice or bring
suit within 90 days.

Section 3528 of the Code provides that no action shall
be brought against the county upon an unliquidated de-
mand until same has been presented to the board of super-
visors and payment demanded and refused or neglected. It
was held, in *Perry v. Clarke County*, 120 Iowa 96, that a
claim filed within 60 days, containing all the requirements
of the notice referred to in Paragraph 1 of Section 3447,
was sufficient, and that it was not necessary thereafter to
serve a notice repeating the same matters. The claim filed
by appellant recited that same was filed to comply with
Sections 3447 and 3528 of the Code. No separate notice
was served or filed. It is claimed that the board of super-
visors investigated the merits of plaintiff's claims, and be-
came fully advised of all facts in relation thereto.

Under Section 3528, above cited, it was the duty of the
board of supervisors to allow or reject an unliquidated de-
mand made against the county. Naturally, before taking
action, the board would make all the investigation neces-
sary to enable it to proceed intelligently in the matter of
allowing or rejecting the claim. The statute provides only
that an unliquidated demand shall be presented to the
board, leaving the form thereof entirely to the claimant.

The paper filed was a sufficient statement of a claim for damages, but did not contain the matters required to be stated in the notice referred to in Section 3447. It will hardly do to say that, notwithstanding the fact that it was the duty of the officers of defendant county to act under the provisions of one section of the Code with which the statement complied, it thereby waived its right to object to the sufficiency of the statement to comply with an independent section of the statute enacted for a different purpose.

It appears from the pleading that the board of supervisors tried to settle with plaintiff, but there is nothing to show that its members intended their action in this regard to be treated otherwise than as a good-faith effort to comply with the statute relating to the claim for damages, and to allow or reject the same. Plaintiff was in no wise misled by anything that was done by the officers of defendant. She caused the notice to be served before any action was taken by the board of supervisors. She was not induced to forego the service of notice or the bringing of her action within 90 days by reason of the investigation made by the officers of the county or the negotiations had for a settlement of the claim.

A large number of Michigan cases are cited by appellant to sustain her contention that the officers of defendant waived the defects in the notice. This contention does not properly take into account the distinction that must be made between the statute under consideration and the statute of Michigan. Under the Michigan statute, a notice is a condition precedent to the maintenance of an action against a municipal corporation. It has no relation whatever to the statute of limitations, whereas, in this state, the only purpose, so far as a claimant is concerned in causing a notice to be served, is that such claimant may thereby preserve the right to bring suit after 90 days and within

2 years. In all the cases cited from the Michigan Reports, the defect waived was some informality in the notice, such as failure to properly itemize or verify the claim. The officers of the defendant in each case owed claimant the duty of objecting to the sufficiency of the claim, failing to do which, it was held that the right to thereafter take advantage of the defect appearing in the notice was waived. One related to the statute of limitations; the other, to the merits of the claim filed. It was held in some of the Michigan cases that the proper officers having to do with the allowance and payment of the claim filed could, under the law of Michigan, waive the defect in the notice, whereas this court, in a case in which the notice given the city was oral, held that the requirements of the statute that the notice be in writing could not be waived by the city council. *Starling v. Incorporated Town of Bedford,* 94 Iowa 194. The holding of this case has been approved by the appellate court of Illinois. *Lucas v. City of Pontiac,* 142 Ill. App. 470.

It must, therefore, be held that the facts pleaded by plaintiff do not constitute a waiver on the part of appellee of the right to plead the statute of limitations.

III. Nor were the facts pleaded sufficient to create an estoppel against appellee to plead the statute of limitations. As appears from the above cited cases, estoppel depends upon whether the person sought to be estopped caused his adversary to do or refrain from doing something to his injury or prejudice. The only matters pleaded as estoppel are those contained in plaintiff's second amendment to her petition. It is there alleged that the officers of defendant treated the notice as a full and sufficient notice, and made a full investigation into the matter of the injuries, and at the same time led plaintiff to believe, by entering into negotiations for settlement, that the claim

3. ESTOPPEL: equitable estoppel: performance of legal duty.

would be adjusted and settled by them; that plaintiff was misled into believing that a suit would not be necessary; and that, by reason thereof, the defendant is estopped from setting up the statute of limitations or objecting to 'the sufficiency of the notice. This court is committed to the doctrine that a litigant may estop himself from the right to plead the statute of limitations. *Holman v. Omaha & C. B. R. & B. Co.*, 117 Iowa 268; *McKay v. McCarthy*, 146 Iowa 546; *Gamet v. Haas*, 165 Iowa 565.

The basis on which the doctrine of estoppel to plead the statute of limitations was held in the foregoing cases was fraud that induced the plaintiff to refrain from bringing suit within the statutory period, or because of an agreement, express or implied, to pay. Applying the holding of the above cases to the case at bar, it is readily seen that no fact is pleaded by appellant which could have had the effect to estop defendant to plead the statute of limitations. It is not claimed that any promise, express or implied, was made by the officers of defendant to plaintiff to pay or settle her claim, but upon this point, at most, that an offer of settlement was made and rejected by her, and that an offer made by her was rejected by the board of supervisors. There are no allegations of fraud in either amendment to plaintiff's petition, nor is it claimed that the officers of defendant were guilty of any bad faith or deceit which could operate as an estoppel to prevent the plea of the statute. It may be that appellant believed that she would be able to make some settlement with defendant, but there is no allegation in either amendment to her petition charging a promise upon the part of the officers of defendant to make settlement, nor of fraudulent conduct inducing in her the belief that her claim would be settled. It is not sufficient that she may have misled herself into believing or hoping that settlement would be made, but the conduct or promise, express or implied, of the officers of defendant must have

been such as to lead her reasonably to rely thereon, and refrain from bringing suit within the statutory period. The matters pleaded in no wise estopped the defendant from interposing the plea of the statute of limitations.

Further, it does not appear from the record that plaintiff objected to the withdrawal by defendant of its answer and amendment thereto, and to the filing of a demurrer to plaintiff's petition; but, so far as appears from the record, plaintiff may have voluntarily consented thereto. It is not improbable that counsel for plaintiff may have, at the time, believed that a favorable ruling upon the demurrer would be of value in inducing the defendant to settle and adjust her claim without further litigation. Plaintiff could not sit by and, without protest, permit defendant to withdraw its answer and file a demurrer and thereafter be heard to say that defendant was estopped from interposing a demurrer to the petition on the ground that the cause of action was barred by the statute of limitations, or from pleading the same as a defense. While it is unfortunate that appellant was prevented from having her cause tried to a jury upon the merits, the defendant is not at fault, and the finding and judgment of the trial court were right.—*Affirmed*.

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.