GEORGE A. RAY, Appellee, v. CITY OF COUNCIL BLUFFS, Appellant.

**LIMITATION OF ACTIONS:** Defective Highway—Sufficiency of Notice. 1 A written statement covering the time, place, and circumstances of an injury caused by a defective street, and composed of questions by a city solicitor and of answers thereto by the injured party, given within 60 days of said injury, and as a result of a wholly insufficient notice to the city, constitutes a *sufficient* notice of said injury, within the meaning of Par. 1, Sec. 3447, Code Supp., 1913.

**MUNICIPAL CORPORATIONS:** Streets—Snow and Ice. Principle 2 reaffirmed that a municipality is not liable for injuries sustained by persons slipping upon snow or ice in a *natural* state.

*Appeal from Pottawattamie District Court.*—J. B. ROCKAFELLOW, Judge.

APRIL 4, 1922.

ACTION to recover damages for personal injuries alleged to have been sustained by a fall on an icy sidewalk in the city of Council Bluffs, Iowa. Verdict of the jury finding for the plaintiff in the sum of $3,500, and judgment entered accordingly. Defendant appeals.—*Affirmed.*

*V. A. Morgan,* for appellant.

*W. R. Green* and *J. A. Williams,* for appellee.

DE GRAFF, J.—The petition of plaintiff alleges that on January 6, 1919 he slipped upon rough ice and frozen snow on the sidewalk at the northeast corner of Stutsman and Pierce Streets in Council Bluffs, Iowa, ''injuring his hip and groin and produc-

ing a double inguinal hernia, which injuries are permanent in character.''

It is further alleged that the defendant city was negligent in permitting the drainage from the residence located at said corner to run over and upon the walk at the place where plaintiff was injured, and in 'permitting the slush, snow and ice to collect on the sidewalk at this point so as to become uneven, rough, rounded, sloping, and ridged. A notice of said injury was served by. the plaintiff on the city January 21, 1919. Petition was filed October 15, 1919.

The primary contention of the appellant is predicated on the insufficiency of the statutory notice of injury under Code

1. LIMITATION OF ACTIONS: defective highway: sufficiency of notice.

Section 3447. The notice *per se* is insufficient. No one contends otherwise. It is defective in that it fails to set out the place where the accident occurred. *Owens v. City of Fort Dodge,* 98 Iowa 281; *Blackmore v. City of Council Bluffs,* 189 Iowa 157.

Plaintiff, however, relies upon the written statement of his case made by him and received by the city solicitor within the time fixed by the statute. It is not the policy of the law to give too strict a construction in matters of this character. The statutory requirement of notice is liberally construed to the end that a person having a meritorious claim shall not be denied a right of recovery by a mere technicality as to the form of the notice given. *Buchmeier v. City of Davenport,* 138 Iowa 623; *Schnee v. City of Dubuque,* 122 Iowa 459; *Perry v. Clarke County,* 120 Iowa 96.

The form of the notice or service is immaterial. A notice directed ''to whom it may concern'' and not signed by the plaintiff or his attorney and handed to a city alderman by plaintiff's attorney was held sufficient under circumstances showing that the plaintiff's case had been referred by resolution of the council to a committee of which the alderman receiving the notice was a member. *Blackmore v. City of Council Bluffs,* supra. See also *Klingman v. Madison County,* 161 Iowa 422; *Neeley v. Incorporated Town of Mapleton,* 139 Iowa 582.

After the notice of injury addressed to the mayor and city council was given, the matter of plaintiff's claim was referred by the council to the city solicitor who sent word to the plaintiff

that he desired to see him. Thereupon plaintiff called upon the solicitor at his office and at that time plaintiff was told the purpose of the solicitor's request to the effect' that he (city solicitor) wanted to see plaintiff with reference to the matter concerning which the latter had written the council. In this conversation the plaintiff was asked as to time, place, and circumstances of the accident. Plaintiff's answers were put in writing and the caption of this item of evidence reads, ''Statement of George A. Ray.'' It clearly appears that it was made and written at the time and in response to the questions asked plaintiff by the solicitor. It must be said that the solicitor in receiving the statement was acting for and on behalf of the city. In plaintiff's original notice of injury to the city he closed by saying, ''I shall be glad to give your representative all information in my power,'' and the later information was requested and received by the legal representative of the city upon request of the city council and the statement so received was complete in all details and constituted full notice to the city of all facts required to be given under the statute.

Suppose that the plaintiff had gone to the office of the mayor or city solicitor in the first instance and said, ''I wish to make a statement of my case and I desire to have it taken down in writing that the city may have notice of my claim.'' Would anyone contend, if this was done, that it would not constitute notice to the city as required by law? We must assume that both parties interested intended to deal with each other in fairness and good faith. We will not presume that the city solicitor intended to work a fraud on the plaintiff. Upon the conclusion of the transaction the city solicitor told the plaintiff to ''rest easy'' and that ''they will deal squarely by you as soon as we can get to it.''

- This case was not submitted to the jury on the theory of waiver or estoppel for the reason that the court construed the notice of the claim supplemented with the statement heretofore mentioned as sufficient. Both were within the statutory time. It is not a question of prejudice, but of the sufficiency of the notice required by statute. From the written notice and statement the city did know with reasonable certainty the time, place, and circumstances of the accident. We have held that a notice cannot be partly written and partly oral, and that parol evidence

is not admissible to supply the legal requirement of a written notice. *Sollenbarger v. Incorporated Town of Lineville,* 141 Iowa 203. This pronouncement is not applicable to the facts in the instant case. The case of *Howe v. Sioux County,* 180 Iowa 580 is also distinguishable from the case at bar both on the law and on the facts and is not controlling here.

The statutory notice in personal injury claims against a city is in no sense jurisdictional, and in view of the fact that the statement in this case together with the notice as filed conveyed the required information in writing, the defendant city is in no position to object. The service of the notice is not a condition precedent to the commencement of the action but is for the purpose of preventing plaintiff's cause of action from being barred at the end of three months after the occurrence and resulting injuries.

Complaint is made of certain instructions given by the court. We have critically read the instructions given and our conclusion is that they are more favorable to appellant than the appellee. A city is not liable for injuries sustained by persons slipping upon snow falling and remaining in its natural state, or by slipping upon ice which is level and smooth, and in this respect it is immaterial where the snow or water forming the ice came from. It is the condition of the snow and ice which is the controlling fact and the trial court so instructed. The burden was on the plaintiff to establish by a fair preponderance of the evidence that at the time and place in question the snow or ice was in a rough, rounded, uneven, sloping or ridged condition so as to render the same dangerous to persons traveling thereon and that the fall was occasioned by stepping upon some portion of the rough, rounded, uneven, sloping or ridged ice as alleged by the plaintiff in his petition, and the court so instructed.

2. MUNICIPAL CORPORATIONS: streets: snow and ice.

Instructions must be read as a whole. We discover no reasonable theory to challenge the correctness of the instructions given. *Tobin v. City of Waterloo,* 131 Iowa 75; *Dempsey v. City of Dubuque,* 150 Iowa 260. There is no prejudicial error in the record and the judgment entered is therefore—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.