RAY J. WELU, Appellant, v. CITY OF DUBUQUE, Appellee.

**LIMITATION OF ACTIONS:** Estoppel—Nonestoppel by Municipal Corporations. The act of a city attorney in stating that he would not plead the statute of limitation against a proposed action against the city for an injury claimed to have been suffered because of a defective street will not estop the city from interposing said plea when the action is actually instituted. Whether the municipality could,

under any circumstances, estop itself, *quaere*. (See Book of Anno., Vol. 1, Sec. 11007, Anno. 301 *et seq*.)

Headnote 1: 28 Cyc. p. 1452.

*Appeal from Dubuque District Court.*—D. E. MAGUIRE, Judge.

JUNE 21, 1926.

Action against a city for personal injury received on a defective sidewalk. The defendant pleaded the statute of limitations. In reply, the plaintiff pleaded facts which it was alleged estopped the city from relying on the statute of limitations. On motion of the defendant, the court struck the reply, and plaintiff appeals.—*Affirmed.*

*Beckett & Knoll*, for appellant.

*M. H. Czizek*, City Solicitor, for appellee.

VERMILION, J.—The action is against the defendant city to recover for personal injuries alleged to have been received by plaintiff by falling upon a sidewalk negligently permitted to be in a defective and dangerous condition. The petition was filed December 28, 1923, and the injury was alleged to have occurred on March 21, 1923. No notice stating the time, place, and circumstances of the injury was served on the defendant within 60 days from the happening of the injury. In reply to an answer pleading the statute of limitations, the plaintiff alleged that, within three months following the injury, plaintiff's attorney commenced negotiations with the city solicitor and attorney for the city; that the latter said "he was very busy, and when he had a little time, he would look the matter up, and let plaintiff's attorney know what he would do;" that he "told plaintiff's attorney, in substance and in fact, that he would not take advantage of the statute of limitations if suit was not filed within the three-months period." It was further alleged that plaintiff relied on such representation, and failed to bring his action within three months, as he would have done, had he not so relied thereon, and that, by reason thereof, the city was estopped to plead the statute of limitations.

Section 3447, Code Supplement of 1913 (Section 11007, Code of 1924), provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: 1. Those founded on injury to the person on account of defective roads, bridges, streets, or sidewalks, within three months, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

We said, in *Howe v. Sioux County*, 180 Iowa 580, that we were committed to the doctrine that a litigant may estop himself from the right to plead the statute of limitations, citing *Holman v. Omaha & C. B. R. & B. Co.*, 117 Iowa 268; *McKay v. McCarthy*, 146 Iowa 546; and *Gamet v. Haas*, 165 Iowa 565.

We held, in *Starling v. Incorporated Town of Bedford*, 94 Iowa 194, where the statute then in force provided that no action of the character of that here involved should be brought after six months from the time of the injury, unless a written notice specifying the time, place, and circumstances of the injury was served on the defendant within 90 days, that the city council could not waive the right to the service of the three-months written notice. In that case, the petition was filed after the expiration of 6 months. It alleged the giving of an oral notice within 3 months, and acts of the city council relied upon as a waiver of a written notice. We held that a demurrer to the petition was properly sustained; and said that the statute absolutely prohibited the bringing of the suit after 6 months unless the written notice was served within 90 days after the injury, and that, notwithstanding that the statute of limitations could be waived, no plaintiff could disregard an absolute provision of a statute without the observance of which no action could be maintained. There is no material difference between the statute there under consideration and that now in force, save in respect to the time within which the notice must be served and the action, in the absence of such notice must be commenced, and in the further fact that the present statute is incorporated in the general statute of limitations. If we consider the statute as merely a statute of limitations, there would appear to be an inconsistency between the reasoning upon which the decision in the *Star-*

*ling* case was based, and the general proposition that a litigant may be estopped to rely upon the statute of limitations; for the statutory prohibition upon which that decision was predicated is, at least now, merely that applicable to all actions under the general statute of limitations.

In *Howe v. Sioux County*, supra, we held that the facts relied upon — certain acts by the board of supervisors — neither constituted a waiver of defects in the notice nor estopped the county to rely on the statute of limitations.

If it should be conceded, for the purpose of the present inquiry only, that the statement alleged to have been made by the city solicitor would, if made by an individual or by the agent of a private corporation acting within his authority (*Holman v. Omaha & C. B. R. & B. Co.*, supra), have been sufficient, if relied upon, to work an estoppel, and if it should be further conceded that a municipal corporation could estop itself from relying on the statute of limitations, — a question we do not determine,—still the ultimate question remains whether the city can be so estopped by the statement of the city solicitor that he would not take advantage of the statute of limitations, where the claimant relied thereon.

The city solicitor has only such powers as are prescribed by law or ordinance. Section 5660, Code of 1924. We are referred to no statute or ordinance, nor are we aware of any, conferring upon the city solicitor, directly, or by any implication, authority to waive for the city the statute of limitations, or to do any act that would operate to estop the city from relying thereon.

It was alleged that the city solicitor was the attorney for the city; but this action was not then pending, and there is no allegation of any authority on his part, as such officer or as the attorney for the city, to in any manner bind the city. There was no promise of payment or settlement.

We conclude that the facts alleged in the reply, — that is, that the city solicitor stated that he would not take advantage of the statute of limitations, and that plaintiff relied thereon, and delayed commencing his action until he was barred, — were insufficient to estop the city from pleading the bar of the statute, and that the motion to strike was properly sustained.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.