Juanita PYLAND and V. L. Pyland, Appellants,

v.

John C. ASTLEY and Lenora B. Astley, Defendants,

and

City of Adel, Appellee.

No. 66662.

Supreme Court of Iowa.

Sept. 29, 1982.

Gerald H. Grask of Neiman, Neiman, Stone & Spellman, Des Moines, for appellants.

Theodore T. Duffield of Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McGIVERIN, and CARTER, JJ.

UHLENHOPP, Justice.

This appeal involves the statutory notice requirement which applies in tort actions against municipalities, Iowa Code § 613A.5 (1979):

Every person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state time or place or circumstances or the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information within fifteen days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice.

Plaintiff Juanita Pyland sustained personal injuries when she fell on an icy public sidewalk in front of the home of defendant Lenora B. Astley in Adel, Iowa.

In subsequent answers to interrogatories, plaintiffs Juanita and V. L. Pyland stated:

Adel's Chief of Police, Mr. Bill Hansen, was contacted immediately after Mrs. Pyland's fall. Chief Hansen inspected the site of Plaintiff's injury. Chief Hansen's log indicates the time of Juanita Pyland's injury.

In an affidavit, the Pylands' daughter stated:

2. On the morning of March 14, 1979, my husband and I had breakfast at Big John's Snack Shop, Adel, Iowa. March

14, 1979 was also the day of my mother's hip operation.

3. Adel's chief of police, Mr. Bill Hanson, and Adel's mayor, Mr. Bob Chamberlian, were seated together and greeted my husband and me as we entered Big John's. Chief Hanson asked me how my mother was "getting along" after her sidewalk fall. Chief Hanson and Mayor Chamberlian then discussed my mother's fall.

4. Chief Hanson told Mayor Chamberlian that my mother broke her hip after falling on an icy sidewalk at 12th & Main. Chief Hanson and Mayor Chamberlian discussed who was the abutting property owner and who presently lived at the corner of 12th and Main, as well as the general condition of the sidewalk.

At the time, John O. Reich was city attorney of Adel, as known by plaintiff V. L. Pyland, Mrs. Pyland's husband. Within the six-month period for suing the city, Mr. Pyland consulted Attorney Reich on unrelated personal business. In a subsequent affidavit regarding this meeting, Mr. Pyland stated:

2. In June 1979, I met with Mr. John Reich at his office to discuss legal matters (i.e., a real estate transaction) unrelated to the aforementioned action. Prior to my meeting with Mr. Reich, I knew that he was Adel, Iowa's city attorney. Mr. Reich was also one of my attorneys.

3. During our meeting, Mr. Reich asked how my wife was feeling since her accident (the sidewalk fall). It was my understanding that Mr. Reich and other Adel City officials knew of my wife's accident.

4. Mr. Reich and I then discussed the condition of the sidewalk. Mr. Reich informed me that if Adel was responsible for my wife's accident "the city had insurance" to cover its liability.

5. At no time during our meeting did Mr. Reich tell me I had to formally notify anyone at Adel city hall about my wife's accident; nor did Mr. Reich tell me I had to initiate these proceedings within six months.

In the answers to interrogatories the Pylands also stated:

Mr. Pyland visited with Mr. John Reich in the spring of 1979 concerning other legal matters. Mr. Reich is, and was, City Attorney for City of Adel. Mr. Reich was aware of Juanita Pyland's fall and resulting injury at the time he met with Mr. Pyland in the spring of 1979. Mr. Reich advised Mr. Pyland to pursue his legal remedies.

The Pylands did not present written notice to the city within sixty days of the injuries, nor did they sue within six months. They did commence this action for damages within two years. Before trial, the city moved for summary judgment on the ground that the time limitation in section 613A.5 had not been met. The district court sustained the motion and gave judgment in favor of the city. Defendant John C. Astley was subsequently dismissed from the case; the facts showed he had no legal interest in Mrs. Astley's home. After trial, a jury found Mrs. Astley not liable.

The Pylands appeal from the summary judgment in favor of the city. In their appeal they claim they are not foreclosed by the time limitation in section 613A.5 because fact questions exist as to whether (1) the city had actual knowledge of the incident, (2) the city's chief of police made a writing which satisfies the section, and (3) the city estopped itself from asserting the statute.

I. The record establishes beyond question that certain city officials had knowledge of the incident soon after it occurred. For purposes of the appeal we may assume the city had knowledge. The record also establishes beyond question that the Pylands did not give written notice within sixty days or commence this action within six months as provided in section 613A.5. The legal question on this facet of the case, therefore, is whether the city's actual knowledge of the incident dispenses with the requirement of written notice under section 613A.5.

We stated in *Shearer v. Perry Community School District,* 236 N.W.2d 688, 693–94 (Iowa 1975):

In the third issue stated for review, plaintiffs contend actual knowledge of the injury on the part of the physical education instructor, the principal and the vice principal of the school, together with the verbal notification to the superintendent by Shearer's mother on the day following the accident, constituted substantial compliance with the notice requirements of § 613A.5. We are unable to agree with plaintiffs' contention in this regard.

. . . .

The knowledge on the part of the school officials and employees certainly cannot be construed as substantial compliance with the notice requirements of the statute. We are not informed as to the substance of the verbal notification to the superintendent by the student's mother, but in any event we are not prepared to say such verbal notification constituted substantial compliance with a statute clearly and specifically requiring written notice.

■ We remain satisfied with the *Shearer* rule that actual notice does not supplant the statutory written notice requirement. Hence the Pylands' first claim is not well taken.

II. The Adel chief of police was notified soon after the incident. He inspected the site and made a written entry in his log concerning it. The legal question at this point is whether this writing satisfies the statutory requirement of written notice.

We stated in *Rush v. Sioux City,* 240 N.W.2d 431, 437 (Iowa 1976):

Plaintiff maintains notice given to Officer Tope as an employee of the City constituted substantial compliance with the requirements of section 613A.5. The City, on the other hand, insists the accident report does not fulfill the requirements of the statute.

. . . .

It is our conclusion the officer's accident report did not constitute substantial compliance with section 613A.5, The Code, 1971. See *Shearer v. Perry Community School District,* 236 N.W.2d 688,

693 (Iowa, filed December 17, 1975). There is no contention that any notice other than the one considered in this division was given the City.

■ We remain satisfied with the *Rush* rule also. The Pylands' second claim does not have merit.

III. The Pylands claim, finally, that a city can estop itself from asserting the time limitations in section 613A.5. Under the facts in cases decided prior to chapter 613A, this court denied the application of estoppel. *Heck v. City of Knoxville,* 249 Iowa 602, 88 N.W.2d 58 (1958); *Welu v. City of Dubuque,* 202 Iowa 201, 209 N.W. 439 (1926). For the purposes of this appeal, however, we may assume that under proper facts the estoppel doctrine would apply in cases brought pursuant to chapter 613A. The question is whether the Pylands have presented facts to generate an estoppel issue.

The elements of estoppel are stated thus in *Johnson v. Johnson,* 301 N.W.2d 750, 754 (Iowa 1981):

These elements are generally delineated as (1) a false representation or concealment of material facts; (2) a lack of knowledge of the true facts on the part of the actor; (3) the intention that it be acted upon; and (4) reliance thereon by the party to whom made, to his prejudice and injury.

*See also Khabbaz v. Swartz,* 319 N.W.2d 279, 286 (Iowa 1982).

The Pylands are apparently trying to bring themselves within the principle of those cases in which an obligor, by negotiating with a claimant, lulls the claimant into inaction until the time for filing a claim has elapsed, such as *Cave v. Fahan,* 249 Iowa 1374, 1377, 92 N.W.2d 434, 436 (1958) ("A representative of the insurance company which carried the liability insurance on the car of Alex Fahan conferred with the plaintiff and asked him to assist in making settlement with the parents of the students who were on the bus. It is a further claim of the plaintiff the adjuster for the insurance company told him to go to a doctor.

Various adjusters called on the plaintiff who informed him there was no hurry and to communicate with them or the company as soon as he was released from the doctor and they would then settle with him."). See 51 Am.Jur.2d *Limitation of Actions* § 431 (1970); 53 C.J.S. *Limitations of Actions* § 25 (1948).

The Pylands' problem, however, is that those are not the facts they present. In tort claims against municipalities, the municipality and the claimant stand in an adversary relationship; the municipality is not obliged to volunteer information or affirmatively advise the claimant. *Howe v. Sioux County,* 180 Iowa 580, 593, 163 N.W. 411, 415 (1917). Mr. Pyland knew that Attorney Reich represented the city, and he did not consult Reich on the claim before us but rather on an unrelated real estate matter. Reich made no promises to Pyland regarding the claim, and said or did nothing to induce him to delay. He told Pyland that if the city was responsible, it had insurance, which appears to be the fact. He did not tell Pyland that no action on Pyland's part was necessary or ask him to defer action. Rather than inducing delay, "Mr. Reich advised Mr. Pyland to pursue his legal remedies"—according to the Pylands' own answers to interrogatories. Pylands have not shown they failed to take action in reliance on Reich's remark. If they had so testified, their reliance would not have been reasonable. Estoppel requires *reasonable* reliance. *Iowa Movers & Warehousemen's Assn. v. Briggs,* 237 N.W.2d 759, 767 (Iowa), *cert. denied,* 429 U.S. 832, 97 S.Ct. 94, 50 L.Ed.2d 96 (1976); *Dierking v. Bellas Hess Superstore, Inc.,* 258 N.W.2d 312, 317 (Iowa 1977); *S & M Finance Co. v. Iowa State Tax Comm.,* 162 N.W.2d 505, 510–11 (Iowa 1969); *United Properties, Inc. v. Walsmith,* 312 N.W.2d 66, 73 (Iowa App.1981); 28 Am. Jur.2d *Estoppel and Waiver* § 77, at 712 (1966) ("reasonably justified reliance"); 31 C.J.S. *Estoppel* § 71, at 432 (1964) (representation must have been sufficient to warrant the action). Pylands have not produced facts which would give rise to estoppel.

The district court was correct in granting the city summary judgment.

AFFIRMED.

All Justices concur, except REYNOLDSON, C. J., who concurs specially.

REYNOLDSON, Chief Justice (concurring specially).

I concur in the majority opinion because appellants did not raise the issue of the constitutionality of Iowa Code section 613A.5 (1979). I remain convinced this statute is unconstitutional for the reasons found in my dissent in *Lunday v. Vogelmann,* 213 N.W.2d 904, 908–12 (Iowa 1973). The facts of this case further demonstrate the fundamental and basic unfairness, rising to constitutional dimensions, of this legislation.