**Norbert STRACKE, Appellant,**

v.

**CITY OF COUNCIL BLUFFS, Iowa, a Municipal Corporation, Appellee.**

**No. 68983.**

Supreme Court of Iowa.

Dec. 21, 1983.

Lyle A. Rodenburg, Council Bluffs, for appellant.

Terrence Timmins, City Atty., for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

WOLLE, Justice.

This case involves a city employee's attempt to rejoin his employer's group health insurance plan after he had voluntarily opted out of the plan. He contends that he did not receive adequate notice of the consequences of opting out of the plan. He also argues that the employer violated his constitutional equal protection rights by failing to either readmit him to the plan or pay him the cash equivalent of the premium paid by the employer to the insurer. The trial court, in dismissing the plaintiff's petition, held that he had received adequate notice of the consequences of withdrawing from the plan and that the plaintiff's constitutional rights were not violated. We agree and affirm.

Plaintiff Norbert Stracke [Stracke] has been a police officer for the defendant City of Council Bluffs [City] since 1959. The City obtained a group health insurance policy with Blue Cross-Blue Shield [Blue Cross] in 1977, and Stracke was covered under that policy until February 1, 1979. The City was then paying $48.50 of Stracke's premium, with the balance deducted from his salary.

In January, 1979, Stracke decided to withdraw from the health insurance plan. Stracke testified that he withdraw from the plan because he could obtain coverage under his wife's group insurance policy and thought his wife's policy offered better coverage.

Stracke had suffered from an irregular heartbeat for several years. He had been treated several times for that condition. Each time he missed work for a few days. At the time of trial, he had last received treatment for that condition in 1978.

Stracke reapplied for admission to the health plan after he heard a rumor that the City was planning to pay 100% of each

employee's health insurance coverage. In July of 1979 the City agreed to pay all health insurance premiums on a single policy and 75% of a family policy for those employees belonging to a union. The City later extended to nonunion employees the expanded benefits given to union members, making that change in September and applying it retroactively to July 1, 1979. In August of 1979 Stracke was denied readmission to the health plan because of his health condition.

## I. *Notice of Adverse Consequences of Withdrawal.*

■ A fact in dispute at the trial level was whether Stracke was given adequate notice of the adverse consequences of his withdrawal. Assuming without deciding that the City was obligated to provide Stracke such notice, we find that adequate timely notice was in fact given by the City.

On January 3, 1979, Stracke signed a card which included the following language:

> I have been offered an opportunity to enroll in Blue Cross and/or Blue Shield but do not wish the services at this time; therefore I understand that any future applications would be subject to underwriting regulations.

Two City employees testified regarding plaintiff's knowledge of the effect of his withdrawal. One stated that she told Stracke that he might have difficulty reentering the program with his health record. Another, who was the person who handled Blue Cross administrative matters at that time, testified that she did not specifically remember talking to Stracke but her procedure was to explain the meaning of the above-quoted language. The trial court found that the record contained "extensive testimony" and that Stracke received adequate notice of the consequences of his withdrawal. Because we find substantial evidence to support that finding of fact, we affirm the trial court's decision on this issue. Iowa R.App.P. 14(f)(1).

## II. *Equal Protection.*

Stracke's primary contention is that he was denied equal protection under both the federal and state constitutions. U.S. Const. amend. XIV; Iowa Const. art. I, § 6. We have interpreted these provisions to be substantially similar. *State v. Cobb*, 311 N.W.2d 64, 67 (Iowa 1981); *Rudolph v. Iowa Methodist Medical Center*, 293 N.W.2d 550, 557 (Iowa 1980); *City of Waterloo v. Selden*, 251 N.W.2d 506, 509 (Iowa 1977). *But see Bierkamp v. Rogers*, 293 N.W.2d 577, 579 (Iowa 1980) (guest statute valid under federal equal protection clause but invalid under state constitution). Stracke argues that he is not receiving equal pay for equal work and that therefore the City should be required either to readmit him to the health plan or to pay him the cash equivalent of the amount the City would contribute to the health plan if he were included.

■ The parties disagree on whether the strict scrutiny or rational basis test applies. The rational basis test is appropriate here. The strict scrutiny test is used only when governmental action differentiates on the basis of a suspect class or a fundamental right. The United States Supreme Court has recognized very few suspect classes or fundamental rights that require the use of the strict scrutiny test. *See Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 nn. 3–4, 96 S.Ct. 2562, 2566 nn. 3–4, 49 L.Ed.2d 520, 524 nn. 3–4 (1976). As stated in *Pyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982):

> In applying the Equal Protection Clause to most forms of state action, we thus seek only the assurance that the classification at issue bears some fair relationship to a legitimate public purpose.

457 U.S. at 216, 102 S.Ct. at 2395, 72 L.Ed.2d at 799.

■ Because no fundamental right or suspect class, as defined by the United States Supreme Court, is involved in this case, our task is to determine whether a rational basis existed for the City's denial to Stracke of Blue Cross benefits or their monetary equivalent. The test is whether

the City's classification is reasonably related to the promotion of one or more legitimate state interests. *State v. Fagen,* 323 N.W.2d 242, 243 (Iowa 1982); *see also In re Marriage of Vrban,* 293 N.W.2d 198, 201 (Iowa 1980) and cases cited therein. The party attacking the challenged governmental action has the heavy burden of proving the action unconstitutional, and must negate every reasonable basis upon which the action may be sustained. *MRM, Inc. v. City of Davenport,* 290 N.W.2d 338, 342 (Iowa 1980). We review constitutional issues de novo. *Bierkamp v. Rogers,* 293 N.W.2d at 580.

Stracke first argues that the City denied him equal protection by refusing to readmit him to the health plan. [Actually Blue Cross made the decision not to readmit him based on his health condition.] Stracke, however, was treated no differently than any other employee in this regard. All employees could join the plan on an open enrollment basis when they became employees of the City, or, in Stracke's case, when the plan was instituted by the City. Stracke was allowed coverage under open enrollment, and he enrolled in the plan. Stracke then voluntarily withdrew from the plan, accepting the risk that he might not be allowed back in. All employees who opt out of the plan are subject to the same risk.

 Stracke is not in the same situation as those employees who are receiving benefits. Persons in dissimilar situations are not required to be treated equally under the equal protection clause. *City of Waterloo v. Selden,* 251 N.W.2d at 509.

Stracke argues further that the City adopted a different health plan in September of 1979 when it expanded the employees' benefits and that this plan denied him equal protection because it was available only to "eligible employees." That action of the City does not alter the basic fact that Stracke was in a dissimilar situation from eligible employees and therefore was not denied equal protection by the City's action.

The City, in an effort to encourage its employees to take care of their health, provided employees open enrollment when they were first hired and implemented policies that would discourage employees from dropping out of the group health plan. Both of those City practices (restriction of reenrollment after an employee has withdrawn from coverage and disallowance of the cash equivalent of the premium) further this worthwhile goal. We find that there is a rational basis to support the City's treatment of Stracke and therefore he was not denied his constitutional right of equal protection.

Finding substantial evidence to support the trial court's findings of fact and no violation of Stracke's constitutional rights we affirm the judgment dismissing Stracke's action.

AFFIRMED.