**Dwight ORR and Donna Orr, Appellants,**

v.

**CITY OF KNOXVILLE, A Municipality, Appellee.**

No. 83–406.

Supreme Court of Iowa.

April 11, 1984.

Fredd J. Haas of Humphrey & Haas, Des Moines, for appellants.

Mark L. Tripp and Sheila K. Tipton of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee.

REYNOLDSON, Chief Justice.

Plaintiffs appeal the dismissal of their claim against the defendant city for failure to comply with the notice provisions of the Municipal Tort Claims Act, chapter 613A of the Code. We affirm in part, reverse in part, and remand with direction.

Plaintiffs' petition alleged Dwight Orr sustained injuries on February 12, 1981, when he fell into a hole located by a manhole and sewer drain on a Knoxville street. In count II, plaintiff Donna Orr asserted a claim based on loss of consortium. Both alleged substantial compliance with the notice requirements of Iowa Code section 613A.5.

The evidence before the court upon submission of defendant's summary judgment motion disclosed the city was notified by telephone on the day of the incident. Plaintiff Dwight Orr received workers' compensation benefits. Iowa Kemper Insurance, the compensation carrier, sent a letter that the city received on April 7, 1981, within the section 613A.5 sixty-day notice period. This communication stated the date, circumstances, and location of the accident. It provided the name of Kemper's insured (Dwight Orr's employer), and the name of Dwight Orr as "claimant" and injured person. The first paragraph stated, "This letter is to put you on notice of our subrogated rights." The letter concluded, "To date, we have paid out $56.00 in medical bills. As soon as all bills have been finalized, we will forward to you a copy of our medical bills."

Appealing, plaintiffs assert: (1) plaintiff Dwight Orr substantially complied with the section 613A.5 notice requirements, (2) the discovery rule applies, (3) the action pled was a common-law action and therefore not subject to the Municipal Tort Claims Act, and (4) section 613A.5 violates plaintiffs' constitutional right to equal protection.

I. We first consider whether plaintiff Dwight Orr has complied substantially with the notice requirements of Iowa Code section 613A.5 (1983):

Every person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state time or place or circumstances or the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information within fifteen days after demand by the municipality. No

action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice.

Under this statute plaintiffs had either to file their petition within six months of the accident, or to notify the city within sixty days and file within two years thereafter. Here the petition was filed more than a year following Dwight Orr's injury. Compliance with the statute thus turns on the validity of notice afforded the city.

We have held that substantial, rather than literal, observance of section 613A.5 is sufficient. *See Harryman v. Hayles*, 257 N.W.2d 631, 635 (Iowa 1977); *Vermeer v. Sneller*, 190 N.W.2d 389, 392–95 (Iowa 1971). Our practice has been to examine the notice given in light of the statute's purpose: to provide a method for prompt communication of the time, place and circumstances of the injury in order to afford the prospective defendant the opportunity to investigate while the facts are fresh. *See Roberts v. Timmins*, 281 N.W.2d 20, 24 (Iowa 1979); *Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa 1973).

Although we have required the notice given to be in writing, *Shearer v. Perry Community School District*, 236 N.W.2d 688, 693–94 (Iowa 1975), we have held it need not be filed by the claimant; notice filed "in the claimant's behalf is a sufficient compliance," *Vermeer*, 190 N.W.2d at 393.

The notice we held sufficient in *Cook v. City of Council Bluffs*, 264 N.W.2d 784 (Iowa 1978), was simply a complaint about police treatment, composed and signed by a mother on behalf of an adult daughter. *Id.* at 788. We disposed of defendant's contention that the communication did not sufficiently identify the plaintiff as a damage-seeking claimant by observing that "a municipality upon receipt of such a communication would at once see potential lawsuits by the women, and would investigate." *Id.* at 790. We there wrote:

> The statute contains no requirement that the notice state the person is presenting a claim. ... A notice is not even defective for failure to state the time or place or circumstances or the amount or other relief demanded if such information is furnished within 15 days of demand— leaving only the statement of the wrongful death, loss, or injury and the identity of the damaged party or parties as essential to the notice originally.

*Id.* at 791.

We hold the Kemper letter to the city more than satisfied the *Cook* minimum notice requirements: It provided the name of the injured party, his employer, and the date, general nature, and place of the accident. It alerted the city that medical expenses had been and would be sustained.

There remains only the city's contention the notice was defective because it was sent by Kemper and not by Dwight Orr. In the unusual circumstances disclosed by this record, however, we do not view that fact as fatal. The evidence reflects Kemper had a potential liability for Dwight Orr's medical expenses and permanent disability. Under certain conditions Kemper is made Dwight Orr's statutory agent to "recover damages [against a third party] for the injury to the same extent that the employee might." *See* Iowa Code § 85.22(2) (1983). Where, as here, the notice provided would support a subsequent action by Kemper for Dwight Orr's damages, we believe it was sufficient to support Orr's claim in his own right. Dwight Orr's claim against Kemper, linked with the provisions of section 85.22(2), minimally permits us to view the notice as one "cause[d] to be presented to ... the municipality" by Dwight Orr. Iowa Code § 613A.5 (1983).

The determination we reach in this division is sufficient to sustain Dwight Orr's action, and would obviate any necessity to consider his constitutional issues. Our holding here, however, does not save

Donna Orr's consortium claim. Thus we briefly discuss her constitutional contentions.

II. The majority of this court adversely disposed of plaintiff Donna Orr's discovery rule and equal protection issues in *Farnum v. G.D. Searle & Co.*, 339 N.W.2d 392, 396–98 (Iowa 1983), and finds no reason to overrule that decision.

III. Plaintiff Donna Orr further contends her action is exempt from section 613A.5 notice requirements because her claim was maintainable at common law and thus not within the strictures of chapter 613A, described in *Sprung v. Rasmussen,* 180 N.W.2d 430, 433 (Iowa 1970), as "a statute of creation, rather than a statute of limitation." An analogous argument, based on a similar common-law right to sue, was raised and rejected in *Goodwin v. City of Bloomfield*, 203 N.W.2d 582, 586 (Iowa 1973). The *Goodwin* holding was made a part of the statute by the 1974 amendments that specifically extended section 613A.5 to actions brought against any municipality "under common law." 1974 Iowa Acts ch. 1263, § 5. We find no merit in plaintiff Donna Orr's contention on this issue.

The judgment entered in district court is affirmed as to plaintiff Donna Orr and reversed as to plaintiff Dwight Orr. The case is remanded so the judgment entered may be modified in conformance with this opinion, and for further proceedings. Court costs are taxed one-half to each party.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTION.