**CONSTRUCTION ASSOCIATES, INC.,**
**An Iowa Corporation,**
**Plaintiff-Appellant,**

v.

**The CITY OF DES MOINES, Iowa,**
**Defendant-Appellee.**

No. 84–1226.

Court of Appeals of Iowa.

Aug. 29, 1985.

Mary K. Hoefer, Cedar Rapids, Iowa, for plaintiff-appellant.

Nelda Barrow Mickle, Des Moines City Solicitor, for defendant-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL, and SACKETT, JJ.

SCHLEGEL, Judge.

Plaintiff, Construction Associates, Inc., appeals an adverse summary judgment in a suit under the Municipal Tort Claims Act. We affirm.

Plaintiff is a minority-owned paving contractor. In early 1982 it submitted written quotations for subcontract work on a Des Moines project. On July 26, 1982, the City of Des Moines awarded the project to a general contractor whose bid included subcontract work to be performed by a company that was owned by the wife of the general contractor.

Plaintiff sent a letter of protest to the city, challenging the qualification of the wife-owned subcontractor as a business qualified for special treatment under the affirmative action guidelines of the City of Des Moines. The city investigated the protest and eventually changed its guidelines for awarding contracts.

On January 19, 1984, plaintiff filed suit against the City of Des Moines, alleging violations of civil rights laws and intentional interference with plaintiff's prospective business advantage. Upon motion by the city, the trial court granted summary judgment in favor of the city, ruling that plaintiff had not complied with the notice provisions of the Municipal Tort Claims Act. Iowa Code § 613A.5 (1983). Plaintiff appeals that decision.

**I. Section 613A.5 Notice.** Plaintiff argues its letter of protest substantially complies with the notice provisions of section 613A.5. We disagree.

The minimum essentials of a valid 613A.5 notice are a statement of wrongful death, loss, or injury and the identity of the damaged party. *See Orr v. City of Knoxville,* 346 N.W.2d 507, 509 (Iowa 1984). The protest letter sent by plaintiff did not contain the minimum essentials. There was no

statement of loss, and plaintiff was not named as a damaged party.

**II. Contract Claim.** Plaintiff argues in the alternative that its suit is in the nature of a contract action and thus not subject to the notice requirement of section 613A.5. We reject that argument. There is no contract in existence upon which to sue. Even when read most liberally, plaintiff's petition does no more than raise an alternative claim that would support a certiorari action. However, action on such claim is barred because of failure to file a petition within thirty days of the alleged illegal acts of the city. *See* Iowa R.Civ.P. 319.

AFFIRMED.