Joseph T. ARGENTA and Sandra
Argenta, Appellants,

v.

CITY OF NEWTON, Appellee,

Joe Jones and Travelers Insurance
Company, Defendants.

No. 85–359.

Supreme Court of Iowa.

Feb. 19, 1986.

Rehearing Denied March 18, 1986.

Dwight W. James, Roxanne Barton Conlin and Dennis P. Ogden of James & Galligan, P.C., Des Moines, for appellants.

Richard G. Langdon and Richard A. Steffen of Herrick, Langdon & Langdon, Des Moines, for appellee.

WOLLE, Justice.

Plaintiff Joseph T. Argenta was injured in the cave-in of a ditch on a construction site where his employer was performing work for the city of Newton (city). Joseph and his wife Sandra brought this personal injury action against the city and two other defendants—his employer's supervisor on the project and an insurance company that had inspected the work site. Joseph and Sandra appeal from the grant of summary judgment for the city, a ruling that did not directly involve the other two defendants. The summary judgment court found that the plaintiffs had not proved compliance with Iowa Code section 613A.5 (1981) because they had neither given the city written notice of their claims within sixty days nor commenced the court action within six months of the incident. Plaintiffs contend that the city's receipt of information contained in its inspector's report and a newspaper account of the incident satisfied the notice requirement, and they challenge the constitutionality of the written notice requirement on equal protection and due pro-

cess grounds. We affirm the grant of summary judgment in favor of the city.

I. *Jurisdiction.*

We first must decide whether the plaintiffs had the right to appeal from the adverse summary judgment. Ordinarily our appellate jurisdiction is limited to review of judgments or orders which finally dispose of the entire case as to all parties. *See* Iowa R.App. P. 1(a) (permitting appeal of right only from final judgment or order). We conclude that we have jurisdiction to decide this appeal. The key inquiry was well articulated in *McGuire v. City of Cedar Rapids,* 189 N.W.2d 592 (Iowa 1971):

[The question is] whether the determination of the issues as to any defendant depends on or affects the determination of the issues as to the other defendants. If the claimed basis of liability of the dismissed defendants is connected with, or so related to, the claimed basis of liability of the remaining defendants that one may affect the other, a judgment as to the discharged defendants is not appealable until the issues as to the remaining defendants are settled.

*Id.* at 597; *see Wilson v. Nepstad,* 282 N.W.2d 664, 666 (Iowa 1979); *Swets Motor Sales, Inc. v. Pruisner,* 236 N.W.2d 299, 302–03 (Iowa 1975). Here, as in *McGuire,* plaintiffs have pleaded in separate divisions their claims against the several defendants, and there is a "distinct line of demarcation" between the plaintiffs' claims against the city and their claims against the other defendants. *McGuire,* 189 N.W.2d at 594, 597; *see Mason City Production Credit Association v. Van Duzer,* 376 N.W.2d 882, 885 (Iowa 1985) (contrasting *McGuire* separate-claim exception with cases where resolved issues were entwined with unresolved issues); *Lunday v. Vogelmann,* 213 N.W.2d 904, 905 (Iowa 1973) (dismissal of claims against city appealable because remaining claim against teacher was separate and distinct).

The summary judgment terminating the plaintiffs' claims against the city was a final order appealable as of right because

those claims were separate and distinct from the claims they asserted against the other two defendants.

## II. *Sufficiency of Notice to City.*

The city was entitled to summary judgment only if the factual materials within the summary judgment record were essentially undisputed and established a firm basis for judgment as a matter of law. *Hildenbrand v. Cox,* 369 N.W.2d 411, 413 (Iowa 1985); Iowa R.Civ. P. 237(c). This summary judgment record discloses no genuine issue of material fact on the question of compliance with the required statutory notice. The plaintiffs in their answers to written interrogatories clearly identified the two writings on which they have relied to establish compliance. Summary judgment was an appropriate procedure for determining that issue in this case.

Iowa Code section 613A.5 (1981) provides:

Every person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state time or place or circumstances or the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information within fifteen days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is

incapacitated by his injury from giving such notice.

This statute required plaintiffs either to file their action within six months of the alleged tortious act, or to give written notice to the municipality within sixty days of the alleged wrong and file their action within two years. Because plaintiffs did not file their petition within six months, compliance with the sixty day notice requirement was a predicate to survival of their action in the face of the city's summary judgment motion.

The first writing on which plaintiffs rely to establish compliance was a city inspector's handwritten entry in a daily log that he routinely kept concerning the project. That entry recorded the city inspector's eyewitness account of the cave-in, efforts to rescue the buried workman, and the inspector's subsequent investigation of the incident. In the entry the inspector described injuries sustained by Joseph and expressed an opinion on the reason the ditch collapsed.

The second writing proffered by plaintiffs was a report in the local newspaper, published the day after the cave-in, reporting that Joseph was buried at a cave-in in Newton, rescued, and taken by ambulance to a local hospital where he was under treatment and observation. The article stated that the trench had caved in because wet sand gave way.

We have held that substantial rather than literal compliance with the statute may be sufficient. *Orr v. City of Knoxville,* 346 N.W.2d 507, 509 (Iowa 1984); *Vermeer v. Sneller,* 190 N.W.2d 389, 392 (Iowa 1971). Actual knowledge of the municipality, however, does not satisfy the statutory requirement of written notice. To establish substantial compliance the plaintiff must show that "the governing body was *given written* notice of the claim." *Franks v. Kohl,* 286 N.W.2d 663, 666 (Iowa 1979) (emphasis added); *see Pyland v. Astley,* 324 N.W.2d 323, 326 (Iowa 1982); *Shearer v. Perry Community School District,* 236 N.W.2d 688, 693–94 (Iowa 1975). The summary judgment court

found the writings here were deficient because they failed to "indicate any claim or intent to make a claim" by plaintiffs.

Our cases interpreting section 613A.5 support the entry of summary judgment. In *Rush v. Sioux City*, 240 N.W.2d 431 (Iowa 1976), the plaintiff stopped abruptly at an intersection to avoid colliding with a police car and sustained injuries in the resulting rear-end collision. The plaintiff contended that an official police report prepared by an investigating officer constituted substantial compliance with the statutory requirement because it described in detail and in writing the circumstances of the collision. We rejected that argument, however, stating:

> Given the most liberal construction the facts will bear, the City knew the date and place of an automobile collision between two private vehicles, one of which was stopped for a squad car on an emergency mission. The City points out this "notice" does not state whether plaintiff was injured. *Perhaps more important, nothing indicates plaintiff is making any sort of claim at all.* While section 613A.5 does not specifically so state, its obvious underlying purpose is *to require claimants to inform municipalities* of claims within a limited period of time.... Any other interpretation would lead to absurd results and would seemingly negate a legislative intent whenever there occurs a police investigated motor vehicle accident which may in some manner have been brought about by the city.

*Id.* at 437 (emphasis added) (citations omitted).

More recently, in *Pyland v. Astley*, we rejected the plaintiff's assertion that the written notice requirement was satisfied by a log entry made by the chief of police concerning injuries she received when she fell on an icy public sidewalk. 324 N.W.2d at 324, 326. Relying on *Rush*, we found no merit in the assertion that the log entry constituted written notice within the meaning of section 613A.5. *Id.* at 326.

▮▮▮ In several cases we have shown our concern that the notice requirement not become a trap for the unwary layperson. *See, e.g., Orr*, 346 N.W.2d at 508–09 (letter from workers' compensation insurer putting municipality on notice of its subrogated rights constitutes sufficient notice of claim on behalf of the covered employee); *Mihalovich v. Appanoose County*, 217 N.W.2d 564, 566–69 (Iowa 1974) (report by county's designated insurance agent sufficient; agent advised plaintiff not to contact anyone else); *Vermeer*, 190 N.W.2d at 393–95 (written report of information given school district's designated insurance agent sufficient; report prepared on behalf of plaintiff). In all of these cases, however, we have maintained the express requirement of section 613A.5 that the "person shall *cause* to be *presented* to the governing body of the municipality ... written notice." (Emphasis added.) The writing, to be sufficient, must be made and presented by the claimant or by someone on behalf of the plaintiff. Neither the inspector's log nor the newspaper report were prepared by the plaintiffs, prepared from information the plaintiffs furnished, or caused to be presented to the city by them or on their behalf.

The summary judgment record does not support the plaintiffs' assertion that they satisfied the written notice requirement of Iowa Code section 613A.5.

### III. *Constitutional Questions.*

The plaintiffs argue in the alternative that Iowa Code section 613A.5 is unconstitutional by reason of the equal protection and due process guarantees of the federal and Iowa constitutions. Plaintiffs do not contend that the Iowa Constitution provides relief where the federal constitution does not, and we have interpreted the equal protection and due process provisions of our federal and state constitutions to be substantially similar. *Stracke v. City of Council Bluffs*, 341 N.W.2d 731, 733 (Iowa 1983) (citing several Iowa cases). Although the city contends that the plaintiffs failed to raise their constitutional claims with sufficient specificity in the summary judgment proceedings, we find they ade-

quately preserved their equal protection and due process issues for appellate review.

■ A. Equal Protection. Plaintiffs contend that we should apply a strict scrutiny test in deciding their equal protection challenge. To withstand a strict scrutiny analysis, state actions or statutes must advance a compelling state interest by the least restrictive means available. *Bernal v. Fainter*, 467 U.S. 216, ——, 104 S.Ct. 2312, 2316, 81 L.Ed.2d 175, 180 (1984). Plaintiffs argue that section 613A.5 deprives them of a fundamental right of reasonable access to court—the right to have their civil damage claims heard and decided.

We decline this invitation to extend the strict scrutiny test to analysis of statutes like section 613A.5. This statute does not bar the courtroom doors but instead requires early notice of an intention to seek access to the courtroom. We follow our own precedent in applying the traditional rational basis test to the classification created by Iowa Code section 613A.5. *See Farnum v. G.D. Searle & Co.*, 339 N.W.2d 392, 396 (Iowa 1983); *Shearer*, 236 N.W.2d at 693.

Applying the rational basis test, we will uphold the statute if it bears some fair relationship to a legitimate public purpose. *Stracke*, 341 N.W.2d at 733–34. In the face of the strong presumption of constitutionality given state statutes, plaintiffs have the heavy burden of negating every reasonable basis upon which the statute may be sustained. *Id.* at 734; *Shearer*, 236 N.W.2d at 691.

■ Plaintiffs focus their attack on what they characterize as an arbitrary and irrational classification—the line drawn between claimants who give a written notice to a city which satisfies section 613A.5 and those denied access to court even though the city had actual notice and equivalent information. Why, they ask, should access to court turn on the bureaucratic notion that a city has records to keep?

We find a rational relationship between the requirement that notice be in writing and the purposes served by section 613A.5. The general purposes are clear.

Such notice requirements protect the public treasury from stale claims, permit prompt settlement of meritorious claims, avoid unnecessary litigation, facilitate planning of municipal budgets, and ensure that notice reaches the public officers with responsibility to deal with them, enabling such officers to remedy defects in municipal property before other persons are injured.

*Shearer*, 236 N.W.2d at 692; *see Lunday v. Vogelmann*, 213 N.W.2d at 907–08 (citing supporting authorities).

The legislature could rationally impose the requirement that the claimant, or someone on the claimant's behalf, give notice in writing, not just oral notice. Written notice would tend to promote prompt investigation and increase the likelihood that persons responsible to take action would in fact receive and read the notice, not just hear about a rumored injury-causing incident. Vital details of an oral notice might well be misstated in transmission to persons responsible for acting on the city's behalf.

We find no merit in plaintiffs' equal protection challenge.

B. Due Process. Our court has twice rejected the argument that section 613A.5 violates the guarantee of due process provided by the fourteenth amendment of the federal constitution. *Harryman v. Hayles*, 257 N.W.2d 631, 634 (Iowa 1977); *Shearer*, 236 N.W.2d at 691–92. In neither case was the focus on the statute's requirement that notice to the governmental entity be a written notice. Here plaintiffs ask us to focus on the written notice requirement in reexamining the question whether the statute satisfies due process. We are satisfied that the mandatory written notice is rationally related to the public interest for each of the reasons given in response to the plaintiffs' equal protection argument.

Plaintiffs cite and rely upon two decisions of the United States Supreme Court

bearing on their due process challenge. In *Boddie v. Connecticut,* 401 U.S. 371, 382–83, 91 S.Ct. 780, 788–89, 28 L.Ed.2d 113, 122 (1971), the Court declared violative of due process the state's requirement that all persons seeking a divorce decree, even welfare recipients, be required to advance certain costs and fees. Thereafter, in *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 429–30, 102 S.Ct. 1148, 1154–55, 71 L.Ed.2d 265, 274 (1982), the Court invalidated a barrier beyond the control of a plaintiff which unreasonably deprived him of access to court on his job discrimination claim. That obstacle, quite different than the notice requirement here, involved a factfinding conference which state employees were required to schedule in timely fashion. Access to court could not be denied on the basis of the state employee's inept scheduling.

██ The essence of *Boddie* and *Logan* is that a claimant must be entitled to a meaningful opportunity to be heard when the state has permitted access to its courts on the type of claim asserted. Due process is not violated by requiring claimants to satisfy reasonable procedural steps. To quote *Logan:*

> Obviously, nothing we have said entitles every civil litigant to a hearing on the merits in every case. *The State may erect reasonable procedural requirements for triggering the right to an adjudication,* be they statutes of limitations, or, in an appropriate case, filing fees. And the State certainly accords due process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule. What the Fourteenth Amendment does require, however, "is 'an opportunity.... granted at a meaningful time and in a meaningful manner,' 'for [a] hearing appropriate to the nature of the case,' ...."

455 U.S. at 437, 102 S.Ct. at 1158–59, 71 L.Ed.2d at 279 (emphasis added) (citations omitted) (quoting *Boddie,* 401 U.S. at 378, 91 S.Ct. at 786, 28 L.Ed.2d at 119).

The procedural steps which plaintiffs were required to follow before commencing this action were reasonable. The alternatives—giving written notice of the claim within sixty days followed by suit within two years, or commencement of their action within six months—provide a rational early-written-warning system for cities and other governmental entities. The system satisfies due process.

Iowa Code section 613A.5 passes constitutional muster. The plaintiffs have not shown that they substantially complied with that statute's reasonable requirements.

AFFIRMED.

All Justices concur except REYNOLDSON, C.J., and HARRIS and LARSON, JJ., who dissent and LAVORATO, J., who takes no part.

REYNOLDSON, Chief Justice (dissenting).

On the rationale which I advanced in the dissent in *Lunday v. Vogelmann,* 213 N.W.2d 904, 908 (Iowa 1973), I respectfully dissent from this decision.

HARRIS and LARSON, JJ., join this dissent.