**Cindy OLIVER, Appellant,**

v.

**SIOUX CITY COMMUNITY SCHOOL DISTRICT and Cindy Ericson, Appellees.**

**No. 85–279.**

Supreme Court of Iowa.

June 18, 1986.

Rehearing Denied July 18, 1986.

Daryl L. Hecht and Craig A. Raby of Crary, Huff, Clem, Raby & Inkster, P.C., Sioux City, for appellant.

Michael R. Hellige of Shull, Cosgrove, Hellige, Kudej & Du Bray, Sioux City, for appellees.

LAVORATO, Justice.

The district court entered summary judgment against plaintiff Cindy Oliver in her tort action against defendants Sioux City Community School District, and its employee, Cindy Ericson. It held that the plaintiff had not complied with the notice provisions in Iowa Code section 613A.5 (1983), a condition precedent to maintaining her action. The court of appeals reversed the district court, and the defendants applied for and

were granted further review in this court. *See* Iowa R.App.P. 402.

Sections 613A.1(1) and 613A.2 provide that a school district is liable for its torts and those of its employees acting within the scope of their employment. Section 613A.5 imposes a limitation on this liability:

> Every person who claims damages from any [school district] or [its] employee ... for or *on account of any ... injury* ... shall commence an action therefore within six months, unless said person shall cause to be presented *to the governing body* of the municipality within sixty days after the alleged ... injury *a written notice* stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state time or place or circumstances or the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information within fifteen days after demand by the municipality. No action therefor shall be maintained unless ... notice has been given and ... the action ... commenced within two years after such notice.

(Emphasis added.)

The district court held that an accident report prepared for the school district by defendant Ericson, the plaintiff's gymnastics coach, was insufficient notice under the statute. It also held that the statute's tolling provision[1] did not permit the plaintiff to maintain her action. Last, it held that the statute did not violate principles of equal protection or due process.

The court of appeals disagreed with the district court. Relying on *Orr v. City of Knoxville*, 346 N.W.2d 507, 509 (Iowa 1984) and *Cook v. City of Council Bluffs*, 264 N.W.2d 784, 791 (Iowa 1978), it held that the accident report was sufficient notice under the statute. We agree with the result reached by that court, but on a different basis. Therefore, we affirm the deci-

sion of the court of appeals and reverse the judgment of the district court because there is a fact question whether the plaintiff's father, Stuart Oliver, presented timely notice to the school district.

Iowa Rule of Civil Procedure 237 provides that a defendant may be granted summary judgment if it is shown that there is no genuine issue on any material fact. This rule is an appropriate vehicle for determining whether a plaintiff may maintain a cause of action under chapter 613A. *See Pyland v. Astley*, 324 N.W.2d 323, 325, 327 (Iowa 1982). In reviewing the grant of such judgments, we afford the nonmoving party

> every legitimate inference that reasonably can be deduced from the evidence ...; a fact issue is generated if reasonable minds can differ on how the issue should be resolved. A court ruling on a summary judgment motion must examine the record in the light most favorable to the nonmoving party.

*Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986) (citations omitted); *see* Iowa R.App.P. 14(f)(17).

On February 17, 1983, an accident occurred that probably prevented the plaintiff, an active and extremely bright seventeen-year-old student at East High School, from ever walking normally again: she fell from uneven parallel bars during high-school gymnastics practice, and fractured her spine. An ambulance took her to a hospital, where it was determined that she had paralysis in her legs and impairment of her bladder. Surgery was performed that evening, and she remained in bed for the next eight weeks.

After the accident, Stuart Oliver sought reimbursement from the school district for the ambulance service. He testified:

> I did file a claim with the school for the ambulance fee while she was in the hospital. They refused to pay it.

\* \* \* \* \* \*

---

1. The time for giving ... notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by the injury....

Iowa Code § 613A.5.

*I took the bill to the school board or to the—I don't remember who I contacted. But they said they would not cover it. That's all they said.*

\* \* \* \* \* \*

*I took it to ... the Central [High School] Annex ... to a representative of the school system.*

\* \* \* \* \* \*

Q. Why did you go there? A. I think one reason was they had a ... nurse located there or somebody [who could process an application for Cindy's] tutoring.... And I talked to a representative ... at East [High School] about it before ... I took it ... there.

\* \* \* \* \* \*

*I contacted [East High School] first about it. Just asked if they were willing to pay it....*

Q. Did you actually go out to East High with the ambulance bill? A. I think I did ... take it out there.... [Mr. Deignan, principal of East High School, telephoned someone and then he] told me to take it and show it to somebody ... [there].

\* \* \* \* \* \*

He did not know ... whether they would cover it or not. He told me to contact somebody ... there.

\* \* \* \* \* \*

*He called and said that they would check on it. Well, they didn't give me an answer right then, but they did return my call later and said it was not covered under their insurance policy ....*

\* \* \* \* \* \*

I took it [there] because I [also] had to go [apply for Cindy's tutoring]. And at the time they didn't know either and they returned my call.

\* \* \* \* \* \*

Q. Do you know who [Mr. Deignan] talked to?

\* \* \* \* \* \*

A. He said ... check with me and we'll see what the school board will do, or the school system will do.

\* \* \* \* \* \*

Q. And then you left his office and went ... to the Central High Annex? A. Yes.

Q. Same day? A. Well, I think it was within either a day or so, yes.

Q. \* \* \* And did you present the bill to somebody ... there? A. Not really. I ... don't know who I talked to ... there. But they knew of the situation because [Mr. Deignan] had contacted them. And they said ... they would have to check on it.

\* \* \* \* \* \*

*I might have received a letter or they called me saying that their insurance policy did not cover it.*

(Emphasis added.) [2]

I. *Written notice: claim for damages.*

■ The question is whether there was substantial compliance with the notice provisions of section 613A.5. *See Argenta v. City of Newton,* 382 N.W.2d 457, 459 (Iowa 1986). We believe that under the present record the district court erred in granting summary judgment.

The bill for the ambulance service was a writing. *See* Iowa Code § 4.1(17) (1983); *see also* Iowa R.Evid. 1001(1). It was presented to the high school principal as well as one or more representatives of the school district. *See* Iowa Code § 613A.1(2), (4); *Vermeer v. Sneller,* 190 N.W.2d 389, 393–95 (Iowa 1971) (agent of school district held to be "governing body of the municipality" for purposes of section 613A.5).

The statute does not require the writing to follow any particular form. Hopkins, *Municipal Tort Liability in Iowa,* 31

2. In a written interrogatory, the school district stated that no investigation of the accident was conducted by its employees or agents, apart from one made by defendant Ericson. At oral argument, however, defense counsel conceded that Stuart Oliver had presented the bill for the ambulance service to school-district representatives, who refused reimbursement.

Drake L.Rev. 855, 866 (1981–82). In *Argenta,* 382 N.W.2d at 460, we indicated that to be sufficient notice under the statute a writing should suggest that it is some sort of claim. *See Rush v. Sioux City,* 240 N.W.2d 431, 437 (Iowa 1976) ("any sort of claim at all"). On the other hand, we stated in *Cook v. City of Council Bluffs,* 264 N.W.2d 784, 791 (Iowa 1978) that the statute "contains no requirement" the person present a claim in the notice. We need not reconcile those two cases here because we conclude the bill for the ambulance service was a claim for damages.

This court has liberally construed section 613A.5, to the end that parties having meritorious claims "shall not be cut off by a mere technicality" on the form of notice required. *Buchmeier v. City of Davenport,* 138 Iowa 623, 625, 116 N.W. 695, 695 (1908); *see* Iowa Code §§ 4.1(2), 4.2, 4.4(3); *see also* Iowa Code § 4.6(1). In determining substantial compliance with the statute, we have examined the notice

> in light of the statute's purpose: to provide a method for prompt communication of the time, place and circumstances of the injury in order to afford the prospective defendant the opportunity to investigate while the facts are fresh.

*Orr,* 346 N.W.2d at 509; *accord, Vermeer,* 190 N.W.2d at 394.

We believe that there was substantial compliance with the statute when the bill for the ambulance service was presented to the school district.

> What is a claim? It is a "demand made of a right or supposed right,—a calling on another for something due or supposed to be due...."

*Marsh v. Benton County,* 75 Iowa 469, 470, 39 N.W. 713, 714 (1888) (citation omitted); *accord, Ater v. Mutual Benefit Department,* 222 Iowa 1390, 1394, 271 N.W. 517, 519 (1937); *Patterson v. Carr,* 189 Iowa 69, 70–71, 176 N.W. 265, 266 (1920); *Grube v. Wells,* 34 Iowa 148, 151 (1871); *Morrison v. Springer,* 15 Iowa 304, 346 (1863); 14 C.J.S. *Claim* 1182 (1939). *Cf.*

Iowa Code § 25A.2(5)(a) (a claim is for money only, under circumstances where the state, if a private person, would be liable); Iowa Code § 611.2 (a civil action is one in which one party demands enforcement of a right).

Upon receipt of a bill for ambulance services a municipality "would at once see potential lawsuits ... and would investigate." *Cook,* 264 N.W.2d at 790. In fact *that is precisely what occurred:* the school district informed the plaintiff's father that it would not reimburse him for the ambulance service. Presentation of the bill was "well calculated to bring the matter to the [school district's] attention for investigation. That is the object of the notice statute and is exactly what happened here." *Id.* at 791; *accord, Bowman v. City of Davenport,* 243 Iowa 1135, 1140, 53 N.W.2d 249, 251–52 (1952). The bill might not have been technically perfect, "but the substance is there." *Perry v. Clarke County,* 120 Iowa 96, 102, 94 N.W. 454, 456 (1903); *see Cook,* 264 N.W.2d at 790; *see generally* 56 Am.Jur.2d *Municipal Corporations, Counties, and Other Political Subdivisions* § 739, at 762 (1971); 63 C.J.S. *Municipal Corporations* § 925, at 353–54 (1950).

It is unclear whether the bill for the ambulance service stated the time, place, and circumstances of the alleged injury. Section 613A.5, provides, however, that failure to state these particulars "shall not invalidate the notice."

It is also unclear *when* the bill for the ambulance service was presented to the school district. The statute requires that it be presented within sixty days after the alleged injury. There was testimony only that the school district received the bill while the plaintiff was hospitalized, a period of sixty-three days (February 17 to April 21, 1983). *See* Iowa Code § 4.1(22) (computing time).

We therefore affirm the decision of the court of appeals and reverse the judgment of the district court.[3] The case is remand-

---

**3.** In doing so, we need not address the plaintiff's arguments that the tolling provision in § 613A.5

ed to the district court to determine if the bill for the ambulance service was presented to the school district within sixty days after the plaintiff's injury.

Because they may occur after remand, we address two further issues.

## II. *Written notice: amount of damages.*

■ The notice presented to the school district requested payment for the ambulance service only. According to Stuart Oliver, this was because "we were given the hope [Cindy] would fully recover" from her injuries, and because her hospitalization was covered by insurance. The issue thus arises whether the plaintiff is limited in this action to the amount stated in the notice.

■ We believe that the legislature did not intend that damages be limited to those stated in the notice of injury:

> The courts generally hold that the amount of damages stated in the notice ... does not necessarily ... limit the amount which may be recovered ... for the injury.... Conditions may develop in consequence of the injury that were not known or could not have been anticipated at the time of the injury, and the injured person should not be precluded from obtaining relief because in attempting to comply with the statute he was not fully informed as to the extent of his injury. Injuries not known to be permanent at the time that the notice was given may subsequently appear to be so, and recovery may be had therefor even though the amount of damages stated in the notice ... did not include any amount for permanent injuries.

56 Am.Jur.2d, *supra*, § 774, at 785–86 (footnotes omitted). This reasoning was essentially adopted in *Bowman*, 243 Iowa at 1143, 53 N.W.2d at 254 (1952):

> [W]ould it be reasonable or even sensible to require the patient to designate [in

his notice] the "amount" of the damages [when extended medical treatment is a possibility]?

To the extent that *Buchmeier*, 138 Iowa at 625, 116 N.W. at 695 and *Van Camp v. City of Keokuk*, 130 Iowa 716, 717–18, 107 N.W. 933, 934 (1906) state otherwise, they are overruled. We see no reason to penalize an injured party "who is not litigation-minded." Note, 23 Drake L.Rev. 670, 686 (1974). Fixing the damages in the notice does not further the statutory purpose of investigation.

## III. *Pleading compliance with section 613A.5.*

■ To maintain an action under chapter 613A, a plaintiff must allege compliance with the notice provisions of section 613A.5 in the petition. *See Roberts v. Timmins*, 281 N.W.2d 20, 24 (Iowa 1979). In *Halvorson v. City of Decorah*, 258 Iowa 314, 323, 138 N.W.2d 856, 862 (1965), we stated that alleging "notice was given" or "the city had notice" would not be procedurally sufficient. In this case the plaintiff alleged notice was sent to the school district through her attorney's letter, dated January 27, 1984. She did not allege the bill for the ambulance service was presented within sixty days after the alleged injury, in compliance with section 613A.5.

We believe that *Halvorson* no longer accurately states the law. "Notice pleading" is all that is required now: Iowa Rule of Civil Procedure 69(a) provides that a petition shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." In other words, "[o]nly a general statement of the claim is required." *Christensen v. Shelby County*, 287 N.W.2d 560, 563 (Iowa 1980).

The petition alleges that notice was sent to the school district. While it might have been more precise, we believe it was sufficient under rule 69: "it is ordinarily sufficient to aver generally that all conditions

applied in this case, or that the notice provisions of § 613A.5 violate equal protection or due process. A majority of this court has concluded that the statute and its predecessor is constitu-

tional. *See Harryman v. Hayles*, 257 N.W.2d 631, 634–35 (Iowa 1977); *Shearer v. Perry Community School Dist.*, 236 N.W.2d 688, 692–93 (Iowa 1975).

precedent have been performed or have occurred." 61A Am.Jur.2d *Pleading* § 83, at 89 (1981); *accord,* 71 C.J.S. *Pleading* § 80, at 194 (1951); *see generally* A. Vestal & P. Willson, *Iowa Practice* § 13.03, at 196–202 (1983).[4]

DECISION OF COURT OF APPEALS AFFIRMED; JUDGMENT OF DISTRICT COURT REVERSED; REMANDED WITH DIRECTIONS.

All Justices concur except McGIVERIN and SCHULTZ, JJ., who dissent.

WOLLE, J., takes no part.

---

**4.** The petition misstates the date on which notice was given; the district court, however, may grant leave to amend it under Iowa R.Civ.P. 88 (leave to amend "shall be freely given when justice so requires").